RUBY WHITE, Administratrix, Appellee, v. ALLEN C. ZELL, Appellant.

No. 43982.

November 23, 1937.

Rehearing Denied March 12, 1938.

Grimm, Elliott, Shuttleworth & Ingersoll and Estey & Estey, for appellant.

Guy Linville and M. M. Cooney, for appellee.

SAGER, J.—On March 12, 1935, defendant-appellant Zell, who will hereafter be referred to as defendant, a resident of Oelwein in this state, invited plaintiff's intestate to ride with him from Independence, in Buchanan county. They were both married men. From Independence, Zell and plaintiff's intestate proceeded to Cedar Rapids, where they met at the apartment of one Cathryn Martin, at which place was also one Dorothy Silveria. After meeting these women all had a drink of whiskey from a pint bottle, which at the time was about three-fourths empty. Neither the size of the drink nor the potency of the whiskey is made to appear. After a brief stop at the apartment of these women the party proceeded in defendant's car southward from Cedar Rapids on highway No. 161 to a certain inn, where setups were ordered and at least one more drink of whiskey was had by all. This drink, whether from the bottle or from some other receptacle does not appear, was from a full pint bottle produced by plaintiff's intestate, what remained in the other bottle, if anything, having been left in Cedar Rapids. The men had had dinner at Cedar Rapids at about 9 or 9:30 o'clock that evening, before coming in contact with the women of their party.

After leaving the inn they started back toward Cedar Rapids on a part of highway No. 161 which takes an easterly and westerly course before turning north toward Cedar Rapids. At the place where this accident occurred there is a ten-degree bend. At the point where the pavement turns north a road extends to the westward. The pavement is extended a short distance beyond where the curve starts, and from thence on this westward highway is made up of crushed rock. As the defendant approached this turn he proceeded about to the center of the pavement, apparently having overlooked up to that time the turn to be made. When he noticed that he was getting off his course he turned his car sharply to the right, a move which took the wheels off onto the muddy shoulder, made a turn to the left to

right it, and brought it into a series of posts set along the highway, from whence it glanced in a northeasterly direction and came to rest on its side. Plaintiff's intestate sustained injuries from which he died; hence this litigation.

The defendant appeared as a witness in his own behalf, but his testimony is limited in effect to a statement that he was driving a Buick that night, with brakes in good condition, lights good, and weight from 4200 to 4400 pounds.

The women in the car testified that they noticed nothing "out of the ordinary" in defendant's driving; that everybody was sober; that the first intimation they had of impending trouble was by the movement of the car after it went off the pavement to the right on the first effort made by the defendant to follow the curve.

The record is long and we have set out only the details which seem essential to a solution of the problems hereinafter discussed. Likewise, the learning and diligence of counsel have led them to investigate a large number of authorities, and to invite us down numerous byways of the law which we do not have time, nor find it necessary, to travel.

At the conclusion of plaintiff's case and again at the end of all the testimony, which is all comprehended in the foregoing except the evidence of plaintiff that defendant, the morning after the accident, said that he was driving too fast to make the curve and that he and her intestate had picked up a couple of girls and gone to a roadhouse to get a few drinks, defendant moved for a directed verdict. These motions were based on many grounds, which may be summed up in the statement that a verdict for the plaintiff would be wholly unsupported by the evidence; that the evidence affirmatively established that plaintiff's intestate was a guest, and that there was no sufficient evidence in the record to warrant a finding against the defendant on the basis of recklessness. The court overruled these motions generally and, for reasons which will appear later, we think the court was right in its ruling.

Defendant on this proposition cites a very large number of authorities, among them the cases recently decided by us defining the term "reckless" as it is used in our guest statute. It would serve no useful purpose to either cite or analyze these cases. It is sufficient to say that this proposition has been met in Wright v. What Cheer Clay Products Co., 221 Iowa 1292,

267 N. W. 92, in which Anderson, J., gathered together a large number of our decisions, analyzed them, and expressed the views of this court in a way which makes it unnecessary to say more at this time on that subject.

In complaint against the ruling on these motions defendant cites authorities to the effect that speed alone is not evidence of recklessness; also that momentary inattention or failure to observe a turn, while it might be negligence, is not recklessness. Both propositions may be conceded without affecting the result.

■■■ In further support of his contention at this point defendant says that where on the whole record defendant is entitled to a directed verdict, this negatives the right of plaintiff to a new trial and to grant it is an abuse of discretion. This, like his last proposition that where a party calls a witness as her own she vouches for the credibility of such witness, may be accepted as a well-known proposition of law that furnishes no answer to the question we are called on to decide. It is sufficient to say that under our holdings, while a party may not impeach his witness, he is not precluded by such testimony from offering testimony of other witnesses in contradiction thereof.

Division II of defendant's argument raises the same propositions as have already been discussed, with the added one that "the record affirmatively establishes that the defendant was sober." This contention adds no weight to the first, and there is no error here.

■■■ Division III complains that the court erred in overruling grounds 1, 6, 7, and 9 of defendant's motion to direct at the close of all the testimony. This introduces nothing new except the matter of assumption of risk as a defense, which it is claimed by this motion the evidence establishes in effect as a matter of law. We find no error in the court's overruling the motion on the grounds stated for the reason that the matter of assumption of risk, the only proposition not already considered, was a matter under this record for the jury under proper instructions of the court.

Division IV complains that there was error in the granting of a new trial for all the reasons alleged in the motions to direct. These have been disposed of.

■■■ Division V says that the court erred in granting a new trial, among other grounds of plaintiff's complaint that the court was in error in incorporating in its instructions a refer-

ence to speed of sixty miles an hour, which reference plaintiff asserted in argument led to the confusion of the jury; that speed of itself is not an essential element, and that the allegation in the petition that defendant was driving at this speed was coerced by the ruling of the trial court sustaining the motion by defendant requiring a more specific statement thereto. We think the court was right in recognizing the error at this point and in granting a new trial on this and other grounds; and since the court ruled generally on the motions, under our decisions if any ground be sound the action of the trial court will be sustained.

We are not to be understood as holding that the proposition here considered would alone be sufficient to warrant a reversal, but in view of the fact that a new trial will result from our decision, it is well that the court should strip all instructions in a new trial to their essentials.

■■■ Division VI of defendant's argument insists that the court was wrong in granting a new trial on the ground, among others, that there was error in the make-up of the instructions by substantially copying the defendant's answer rather than a concise statement of the court, with the result that the jury might easily have been confused and misled thereby. We again agree with the trial court.

■■■ Division VII assails instruction No. 4, in which the jury were limited in their consideration solely to the question of reckless driving, the issue with reference to intoxication being withdrawn. We think it takes no elaboration of argument to persuade that the court was again right in setting aside the verdict. We know of no rule of law or of reason why the trial court, or we either, would be better able to say, as a matter of law, that an undetermined number of drinks of whiskey of undisclosed potency would leave a man sober, than would a jury of twelve in a case properly for their determination.

■■■ The last complaint (except one having to do with insufficiency of the verdict and its being contrary to law, neither of which contentions is sound) is that the court erred in sustaining the motion for a new trial on plaintiff's objection that instruction No. 10 gave undue emphasis to the caution the jury should observe in weighing the testimony of evidence of oral statements (this having reference to the alleged admission made by the defendant to the plaintiff) without a counterbalancing

statement that if the admission were deliberately made or oft-repeated, it might have been the most satisfactory evidence, and that the jury should consider all the circumstances together and give them such weight as they were entitled to receive. The court committed no error in recognizing the fact that perhaps the jury might have regarded this instruction in the light in which plaintiff reads it.

■■■ There is one other proposition raised by this appeal, and that is plaintiff's claim of error on the part of the trial court with reference to the question of assumption of risk. Plaintiff, among other grounds already noticed, in her motion for a new trial asserted that the instruction on this branch of the case was calculated to lead the jury to understand that the burden of proof as to the issue of assumption of risk lay with the plaintiff; or, to state it another way, overlooked the obligation on the part of the defendant pleading an affirmative defense to assume the burden of proving it. Plaintiff's complaint to this instruction we think is of sufficient merit to justify, with the other complaints against the instruction, the court's conclusion that plaintiff was entitled to a re-examination of the merits of the controversy.

■■■ We are well aware of our previous holdings, and some are cited by defendant, that there may be error in granting a motion for a new trial in some cases; but this is not one of them. We have frequently said that we will interfere more readily where the court refuses to grant a new trial than where it grants it; and the cause before us is a further justification, if one were needed, for the rule.

Being fully in accord with the action of the trial court, this cause is affirmed.—Affirmed.

HAMILTON, C. J., and DONEGAN, PARSONS, and KINTZINGER, JJ., concur.