MABEL M. NEAL, Appellee, v. CHARLES MILLER, Appellant.

No. 44367.

JUNE 21, 1938.

Arthur Buck, for appellee.

Welty, Soper & Welty, for appellant.

HAMILTON, J.—The petition alleges that on or about September 15, 1936, the defendant sold, and the plaintiff purchased a certain described residence property in the city of Ames, Iowa, for the agreed price of $3,750. That $50 was paid down and an additional sum of $400 was paid on October 16, 1936. That at the time of and before entering into said contract the defendant stated and represented to the plaintiff that said premises were well worth the sum of $3,750. That plaintiff, relying upon and believing said statements and representations of defendant and being induced thereby, did enter into said contract and paid the said defendant the sum of $450. That, in truth and in fact, the statements, as made by defendant, were false and untrue and the same were known to be false and untrue by said defendant at the time they were so made and were made for the express purpose and intent of deceiving the plaintiff. That the plaintiff being a widow lady and a nonresident of the city of Ames, Iowa, was not familiar with the property values in the city of Ames, and relied wholly and entirely upon the statements of the defendant in reference to the same. That said real estate was at the time of the signing of the contract and is now not to exceed the value of $2,500. That by reason of the fraudulent statements and misrepresentations of the defendant, as aforesaid, plaintiff has sustained damages in the sum of $450. That the same is plaintiff's property and no part of the same has been paid. Wherefore plaintiff demands judgment against the defendant for $450 with interest thereon at 5% from the 15th day of September and for costs.

The answer admits the execution of the contract and the payments made and denies each and every other averment contained in the petition both generally and specifically. Trial was had to a jury of six in the municipal court, resulting in a verdict of $285. At the close of all the evidence defendant moved for a directed verdict which was overruled; motion for a new trial and exceptions to instructions were made and likewise overruled. Defendant has appealed, assigning as error the overruling of his motions, the viewing of the premises by the jury, and, also, the court's instruction on the measure of damages. There is no merit in any except the last.

The court instructed the jury on the measure of damages as follows:

"No. 11—If you shall find for the plaintiff, you will by your verdict, award her the damages which the evidence shows she has sustained, which will be the sum of $450 less the reasonable rental value of the said property while it was occupied."

This was clearly erroneous and the trial court, in his written opinion, confesses it is wrong unless the action can be treated as one of rescission of the contract. The record leaves 'this court very much at sea as to just what was done, but we are satisfied, from fragmentary statements contained in the record, that the contract provided for monthly installments of $33 per month, none of which were paid, and no doubt contained a forfeiture clause. The contract is not set out in the record. Plaintiff remained on the premises until a 30 days notice of forfeiture was served upon her and, at the end of that time, she moved off and then started this action. Under such circumstances, we fail to see anything to support the trial court's theory that the action was tried as one of rescission and to recover the money paid on the purchase price. The plaintiff did not allege that she had rescinded the contract and demanded the repayment of the money paid; neither did she plead mutual abandonment of the contract. The evidence as to value all went in without objection and, while the record is not always clear as to the time the witnesses had in mind in fixing the value, only a short time had elapsed and little or no change in value could have taken place and it appears sufficiently clear to the court that plaintiff under-. took to prove the value of the property, as of the date the contract was entered into, which, as her witnesses testified was not to exceed $2,000 or a difference between what these witnesses said was the actual value and the purchase price of $1,750. However, the prayer was for only $450, indicating that all the plaintiff was interested in was to recover back what she had paid, and, under the pleadings, the court would have been compelled to limit the amount of recovery to $450. He did this by saying that if they found the plaintiff was entitled to recover any amount, the damages would be $450 less the reasonable rental value of the property. Apparently, the jury allowed rental of $30 per month, or $165, and returned a verdict for the difference.

The only possible prejudice to the defendant would be that the jury was deprived of bringing in a verdict for a lesser amount. Under the evidence, this is entirely too remote to warrant a reversal of this case and subject this widow woman to the expense of another trial. Undoubtedly, plaintiff would amend the prayer of her petition and we must say that under the record in this case, but for the fact that plaintiff asked for only $450, had the jury been properly instructed on the measure of damages the verdict would have been, in all probability, for much more than was allowed. The defendant was dealing in real estate on his own account and was and had been for several years engaged in the real estate business as a broker and, previous to this, had been a college professor. He was selling this woman, who was entirely without business experience or sagacity, one of his own properties. The property consisted of a lot and a half in not the most desirable part of the city. The house, built some twenty years ago, was small with only four rooms and bath. There were also an old chicken house and a garage. A much better, newer, and more modern residence right across the street from it sold for $1,900. How this man could ever hope for a more favorable verdict in this matter is beyond the comprehension of this court. We would not be justified in reversing this case and thereby subjecting these parties to the expense of another trial on the errors assigned, the possibility of prejudice being so very remote.

Accordingly, the case is affirmed.—Affirmed.

ANDERSON, MITCHELL, DONEGAN, RICHARDS, and KINTZINGER, JJ., concur.