FRED E. HUPP, Appellee, v. KERMIT DOOLITTLE et al., Appellants.

No. 44588.

April 4, 1939.

James I. Dolliver and Frank Helsell, for appellants.

Sterling Alexander, for appellee.

Hale, J.—This action was brought November 12, 1937, by Fred E. Hupp, plaintiff and appellee, against Kermit Doolittle and Farm Bureau Service Company, defendants and appellants, for damages on account of a collision occurring at an intersection of highways on September 6, 1937.

Among the grounds of negligence alleged by plaintiff is the charge that defendants did not yield the right of way at a highway intersection to the plaintiff entering said intersection from defendants' right. Defendants answered and counterclaimed. There was a trial to a jury, resulting in a verdict for the defendants. Exceptions to instructions were duly filed and motion for a new trial, and on March 21, 1938, the court sustained said motion for new trial and filed a ruling in which it stated that the motion for new trial was predicated in part upon instruction No. 9. The court said:

"This instruction has to do with the right of way at an intersection, stating in effect, as the statute itself does, that the vehicle which first enters the intersection takes the right of way. But the intersection is defined as the area embraced 'within the fence lines on each side of the intersection, if such fence lines were extended across the road.'

"The word 'intersection,' however, is defined in subsection 51 of Sec. 1 of the motor vehicle law as the area within the lateral boundary lines of the 'roadways' of two highways which

join one another at right angles; and a 'roadway', in turn, is defined in sub-section 47 as that portion of a highway improved, designed, or ordinarily used for vehicular travel,—or, in short, as the traveled portion of the highway.

"I am not able to say that the verdict would have been any different if the definition of an intersection had been correctly stated; but as counsel well said, the right of way at an intersection under the new statute must often depend on a 'split second' of time, and this being so, a correct understanding of the limits and boundaries of the intersection is necessarily vital."

From this ruling the defendants appeal.

The only question for this court is whether the giving of such instruction No. 9 warranted the court in granting a new trial.

It will be seen that the court's action was based on its definition in the instruction of the word "intersection". The instruction, which is otherwise correct and clear and which is not excepted to except as to the definition referred to, states as follows:

"The word 'intersection' as used in said statute, means the area embraced within the lateral boundary lines of the two highways which join one another at right angles; and in this case the intersection would be the area embraced within the fence lines on each side of the intersection, if such fence lines were extended across the road."

As the trial judge stated in his ruling, the statute at the time of the collision defined the word "intersection" in subsection 51 of section 1, chapter 134, Acts of the Forty-seventh General Assembly, as follows:

"Intersection means the area embraced within the prolongation or connection of the lateral curb lines, or, if none, then the lateral boundary lines of the roadways of two highways which join one another at, or approximately at, right angles, or the area within which vehicles traveling upon different highways joining at any other angle may come in conflict."

"Roadway" is defined by subsection 47 of section 1 of said chapter as follows:

"Roadway means that portion of a highway improved, designed, or ordinarily used for vehicular travel."

It will thus be seen that the definition given in instruction No. 9 above quoted does not correspond with and is contrary to the definition given in the statute in force at the time of the collision. The only question for the court, therefore, is whether or not the giving of such alleged erroneous instruction was such error as to authorize the court to grant a new trial.

I. Defendants' complaint against the ruling of the court is, first, that if incorrect, it was nonprejudicial, and that the interpretation of the word "intersection" was used by both sides in the trial of the case; and finally, that plaintiff is not entitled to recover in any event because he was guilty of contributory negligence as a matter of law.

There can be no question that the definition given by the court was not the statutory definition. The defendants' contention that the meaning of the instruction and of the statute is the same cannot be sustained. The legislature saw fit to define in clear and unmistakable language what should be considered as an intersection. The boundaries of such intersection are plainly defined, and we cannot see that the definition given by the court, including the intersection as that part of the highway embraced between the fence lines, if extended, can correspond in any way to the statutory definition which includes only the traveled portion of the road. Defendants insist that this is a narrow definition; but it is so defined by the statute, and we must so hold.

II. It is further insisted that, if erroneous, the instruction given was not prejudicial. But the principal ground of negligence, and the contest in the trial of the case, centered largely upon the rights of the parties within the intersection. We cannot say, nor could the trial court say, that if the correct definition had been given the result would have been the same or different. It was entirely a matter for the jury, who were entitled to a clear understanding of the principal points in issue. This they did not have under the instruction, and we feel that they were so entitled. See Eby v. Sanford, 223 Iowa 805, 273 N. W. 918.

Defendants cite several cases where instructions were given which were nonprejudicial, among them our recent case of

Neal v. Miller, 225 Iowa 252, 255, 280 N. W. 499, 500, where the court said:

"The only possible prejudice to the defendant would be that the jury was deprived of bringing in a verdict for a lesser amount."

But the court ruled that, under the evidence in that case, this contingency was entirely too remote to warrant a reversal of the case.

■ There can be no dispute with defendants' contention that where a ruling granting a new trial is on a specific ground the order for new trial is not merely discretionary and will be examined by this court. Quoting from Thompson v. Butler, 223 Iowa 1085, 1091, 274 N. W. 110, 113, cited by defendants:

"If a new trial is granted on questions of law, the ruling will be reviewed as any other alleged error, and if erroneous, will be reversed."

It is also true that on the granting of a new trial on general grounds without specifying a particular ground, abuse of discretion by the trial court will result in a reversal. As to these matters there can be no controversy. It is, however, true that this court interferes more readily where the trial court refuses to grant a new trial than when it does grant it. See White v. Zell, 224 Iowa 359, 276 N. W. 76.

■ There is little dispute as to any of the above propositions urged by the defendants, but we feel that under the circumstances there was not only no abuse of discretion but the court was not in error in granting the new trial on the ground specified.

III. Defendants further complain that the court erred in granting a new trial for the reason that the parties to the action, during the trial of the case used the court's interpretation given in the instructions as to the meaning of the term "intersection". Defendants cite no authority for their claim in this respect, and we do not see how the fact that the parties were in error as to the meaning of the term in any way authorized the incorrect definition. It was a matter of statute and could not be changed by the misinterpretation of the parties. The fact that they so referred to the word would emphasize rather than diminish the effect of the court's instruction.

IV. Defendants finally complain that plaintiff would not be entitled to recover in any event because he was guilty of contributory negligence as a matter of law. We cannot say from reading the record in this case that the court would be authorized to hold that there was such evidence of contributory negligence as to make it a question of law. In fact, the court did expressly hold to the contrary in overruling the motion for a directed verdict made by the defendants, and in this we think the court was right.

A motion to dismiss was submitted with the case, on the ground that defendants had not complied with Rule 30. However, the deviation from the rule was very slight, and under our holding on the whole record we do not find it necessary to consider this. The motion is overruled.

Finding no error in the record, the ruling of the trial court is affirmed.—Affirmed.

HAMILTON, STIGER, SAGER, BLISS, OLIVER, and MILLER, JJ., concur.