DAVIS *v.* HOLLOWELL.

1. Appeal and Error—Wilful and Wanton Misconduct—Evidence.

In determining whether or not defendant motorist was free from wilful and wanton misconduct as a matter of law in action wherein defendants offered no testimony, plaintiff's testimony must be regarded in the light most favorable to her (CL 1948, § 256.29).

2. Automobiles—Guest Passengers—Gross Negligence—Wilful and Wanton Misconduct.

Recovery by a guest passenger from host involved in an automobile accident is limited by the guest act to injuries resulting from the gross negligence or wilful and wanton misconduct of the driver (CL 1948, § 256.29).

3. Same—Guest Passengers—Excessive Speed.

Excessive speed of motorist alone is not sufficient to establish liability to his guest passenger for injuries sustained in automobile accident (CL 1948, § 256.29).

4. Same—Guest Passengers—Driving under Influence of Liquor.

Motorist's driving while under the influence of liquor is not alone

References for Points in Headnotes

[1–6] 5 Am Jur, Automobiles, § 683.
[1–6] What amounts to gross negligence, recklessness, or the like, within statute limiting liability of owner or operator of automobile for injury to guest. 74 ALR 1198; 86 ALR 1145; 96 ALR 1479.
[7, 9] 5 Am Jur, Automobiles, § 483.
[7–9] Personal care required of one riding in automobile driven by another as affecting his right to recover against third person. 18 ALR 309; 22 ALR 1294; 41 ALR 767; 47 ALR 293; 63 ALR 1432; 90 ALR 984.
[8] 5 Am Jur, Automobiles, § 414.
[8] What conduct in driving automobile amounts to wantonness, wilfulness, or the like, precluding defense of contributory negligence. 92 ALR 1367.
[9] 5 Am Jur, Automobiles, § 712.

sufficient to establish liability to his guest passenger for injuries sustained in automobile accident (CL 1948, § 256.29).

5. SAME—GUEST PASSENGERS—EXCESSIVE SPEED—DRIVING WHILE UNDER INFLUENCE OF LIQUOR—WARNINGS—WILFUL AND WANTON MISCONDUCT.

Excessive speed of host motorist and driving while under the influence of liquor are matters to be considered along with other circumstances such as refusal to heed reasonable expostulations and warnings, especially when the rejection is belligerent, indicating the driver's state of mind in determining whether or not he was guilty of gross negligence or wilful and wanton misconduct in operating car in which guest passenger was injured (CL 1948, § 256.29).

6. SAME—GUEST PASSENGERS—WILFUL AND WANTON MISCONDUCT— QUESTION FOR JURY—EVIDENCE.

Question of whether host motorist was guilty of wilful and wanton misconduct was for jury, where host was under the influence of intoxicating liquor at time of entering car, some time after sunrise, after consuming a number of drinks of intoxicating liquor, in the course of the night including a highball before dinner the preceding evening, achieved a speed of 60 miles an hour on country gravel road notwithstanding plaintiff guest passenger remonstrated at least 4 times and importuned defendant to decrease speed after speed had reached 35 miles an hour but was met with indifferent and belligerent responses (CL 1948, § 256.29).

7. EVIDENCE—COMMON KNOWLEDGE—AUTOMOBILES—INTOXICATING LIQUORS—NEGLIGENCE—WILFUL AND WANTON MISCONDUCT.

While it is common knowledge that one who operates a motor vehicle after drinking intoxicating liquor is more apt to be negligent than one who has not imbibed, it does not follow that wilful and wanton misconduct on his part is always foreseeable so that a guest passenger will have recklessly subjected himself to the aggravated tortious conduct (CL 1948, § 256.29).

8. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—ASSUMPTION OF RISK— WILFUL AND WANTON MISCONDUCT.

Contributory negligence and assumption of risk are not defenses to action for wilful and wanton misconduct of defendant resulting injuriously to plaintiff.

9. AUTOMOBILES—GUEST PASSENGER—WILFUL AND WANTON MISCONDUCT—CONTRIBUTORY NEGLIGENCE—ASSUMPTION OF RISK.

Guest passenger who entered car of defendant host after sun-

rise, after each had consumed a number of drinks of intoxicating liquor since before dinner on preceding evening at different places, did not, as a matter of law, preclude herself from recovery for injuries arising from the wilful and wanton misconduct of the driver under evidence adduced showing plaintiff had no reason to anticipate the conduct that occurred or that there was physical or mental incapacity on the part of the defendant motorist forewarning events culminating in a crash into a tree some 15 feet off the road (CL 1948, § 256.29).

Appeal from Kalamazoo; Fox (Raymond W.), J. Submitted October 5, 1949. (Docket No. 23, Calendar No. 44,508.) Decided January 9, 1950.

Case by Floragene Davis against Ben Hollowell and others for damages suffered while a guest passenger in defendants' automobile. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*Joseph W. McAuliffe,* for plaintiff.

*Paulson, Laing, Palmer & Tinker (Steg J. Lignell,* of counsel), for defendants.

BUTZEL, J. Floragene Davis brought action against Harriette Hollowell Douglas, driver of an automobile in which she was injured as a guest passenger. She joined as codefendants Ben Hollowell and Ruth Hollowell, owners of the car, with whose consent defendant Douglas was using it. She claimed that defendants were guilty of gross negligence and wilful and wanton misconduct.

At the conclusion of plaintiff's proofs motions were made to dismiss as to the vehicle owners and for a directed verdict of no cause of action in favor of all defendants. Decision on both motions was reserved by the trial court. Thereupon the defense

rested without offering any testimony and renewed
the motions. The court again reserved decision and
the jury returned a verdict in the sum of $3,004.35
in favor of plaintiff against the defendants. In an-
swer to the special questions submitted to the jury,
they found that Mrs. Douglas was under the influ-
ence of liquor when she left the party, that Mrs.
Douglas did not lose control of the car solely as a
result of excessive speed in loose gravel, that the
accident was not caused solely by excessive speed
and that it was not caused solely by the intoxication
of the driver. Defendants' motion for a judgment
*non obstante veredicto* was denied. The charge to
the jury is not before us and no objection is made to
it as grounds for appeal. We limit our discussion
to the two questions raised by defendants.

Was defendant driver free from wilful and wan-
ton misconduct as a matter of law? Plaintiff was
the sole witness of the events leading up to the acci-
dent. As the defendants offered no testimony, plain-
tiff's testimony must be regarded in the light most
favorable to her. Plaintiff, who lived in California,
had stopped in Kalamazoo, Michigan, to visit de-
fendant Douglas, a good friend of hers. On June
15, 1948, she and Mrs. Douglas each drank a highball
before going to dinner in the evening at the Hollo-
well residence. They left there between 7:30 and 8
p.m. Thereupon, they visited several public places
where they were served with liquor, and where each
consumed, in all, 1 highball, 2 glasses of beer and an
additional drink containing some hard liquor, and
also some soft drinks. Later that night accompanied
by another person they stopped at a friend's house
and plaintiff was served 2 more highballs, her last
liquor of the evening, only 1 of which she finished.
Defendant Douglas also drank there but the amount
is not shown. Then they proceeded to a party at a
home located about 5 miles out of Battle Creek on

Stone Jug road, about 2 to 2½ miles south of US–12 and arrived there at about 3 a.m. According to plaintiff's recollection, defendant Douglas had several drinks at the party, including "one for the road" just before leaving. She acted hilarious and gayer than normal and showed the influence of liquor. After several requests plaintiff finally induced defendant Douglas to leave. Upon their departure after sunrise, defendant Douglas assured one of the guests of her ability to drive safely. Plaintiff was somewhat apprehensive at the time she entered the automobile but was certain that defendant was capable of driving. Defendant backed the car out of the yard and driveway without difficulty and commenced to drive north on Stone Jug road toward US–12.

The road, a gravel one, had wheel track ruts that were packed fairly hard. The gravel on the sides was loose. There was a small gutter and also trees and brush east of the road. Mrs. Douglas began to accelerate the speed of the car. At least 4 times before the accident, plaintiff importuned her to decrease the speed. These unheeded requests began when the car reached 35 miles per hour and were repeated thereafter. Mrs. Douglas became belligerent and did not seem to care what she was doing. The car began to swerve to the right and then to the left side of the road, going farther each time, and plaintiff became terrified and begged the driver to slow down. In response to the request that she should not get off the ruts, she said, "Well, there is no other cars coming," and "I might as well have the road while nobody else wants it." Then again she stated, "The car has always gotten me home before; don't worry, we won't have an accident." She did not take her foot off the accelerator. After a speed of 60 miles per hour was reached the car went off the left side of the road and through the weeds and

grass, then it returned to the road for a very short distance and went off on the right side. It struck a tree that was located 15 feet east of the traveled portion of the road and turned over. During all this time defendant made no attempt to use the brake until the car passed over the gutter east of the road. The testimony of the State trooper who went to the scene of the accident and the photographs of the car's tire tracks, admitted without objection, show that the car first went off the west side of the road at a point 288 feet south of the tree, that after it returned to the road for a very short distance, it went off the east side for 177 feet and collided with the tree. Plaintiff was thrown from the car and suffered severe injuries, including a broken collarbone and fractured rib, which entailed 67 days of hospitalization. She also claimed possible permanent injuries and loss of wages.

The guest act (CL 1948, § 256.29 [Stat Ann § 9.1446]) limits recovery by a guest passenger in an automobile accident to injuries resulting from the gross negligence or wilful and wanton misconduct of the driver. Excessive speed alone is not sufficient to establish liability. *Keilitz* v. *Elley,* 276 Mich 701; *Quinlan* v. *Wells,* 291 Mich 214; *Bushie* v. *Johnson,* 296 Mich 8; nor is merely driving while under the influence of liquor of itself adequate, *Bonnici* v. *Kindsvater,* 275 Mich 304; *Bielawski* v. *Nicks,* 290 Mich 401. However, these are matters to be considered along with the other circumstances in the determination, and the refusal to heed reasonable expostulations and warnings, especially when the rejection is belligerent, is a further circumstance which may be indicative of the driver's state of mind. *Titus* v. *Lonergan,* 322 Mich 112.

While the facts of the instant case are extremely close to the border line, we do not hold that, as a matter of law, defendants are not liable. The dan-

ger of continuing to operate in the manner she was doing was called to the attention of Mrs. Douglas but she wantonly and wilfully refused to exercise ordinary care and diligence that would have averted the apparent peril to her passenger and herself. Her continuation of the reckless driving was but a courting of the disaster that befell. She made no attempt to slow down the car when it left the west (wrong) side of the road and did not apply the brakes until traversing the gutter on the east side of the road. Her persistent conduct in the face of impending hazard, so manifestly apparent, together with all the other facts we have called attention to, presented a question for the jury to pass upon.

The other question propounded is: Does entering an automobile with knowledge that the operator has been drinking preclude recovery by the guest for injuries arising from the wilful and wanton misconduct of the driver as a matter of law? There have been but few cases in other jurisdictions on this point. The trial judge characterized this question as one of first impression in this State.

We are not unmindful of the case of *Schubring* v. *Weggen,* 234 Wis 517 (291 NW 788), wherein the court held that "When a guest in an automobile is injured or killed through the gross negligence of his host in recklessly driving while intoxicated, he assumes the risk of the injury resulting from his host's intoxication if he himself voluntarily has become so intoxicated from drinking with his host while his host was becoming intoxicated so that he is unable to appreciate the hazard incident to his host's intoxication." The court cited an ordinary negligence case, *Markovich* v. *Schlafke,* 230 Wis 639 (284 NW 516), as authority that the same result would have been reached as a matter of law had plaintiff not been too drunk to recognize defendant's intoxication. It is to be noted that Wisconsin does not have

a guest act and that the *Schubring Case* expressly states that their doctrine of assumption of the risk in automobile collision cases does not apply except where a guest is suing host, and further states that assumption of the risk is the same thing and should be given the same effect as contributory negligence or contributory wilful and wanton misconduct.

Whether there was an "assumption of risk" of wilful and wanton misconduct by entering a car, the driver of which had been drinking, was held to be a question for the jury in *Gill* v. *Arthur,* 69 Ohio App 386 (43 NE2d 894), and *White* v. *Zell,* 224 Iowa 359 (276 NW 76), as was the question of whether plaintiff was contributorily guilty of the tort by subjecting himself to the peril, *Kirk* v. *Birkenbach,* 22 Ohio Law Abs 569 (32 NE2d 76).

Appellants call our attention to the 2 Restatement, Torts, § 482 (under subsec. 2), wherein it is stated:

"A plaintiff is barred from recovery for harm caused by the defendant's reckless disregard for the plaintiff's safety if, knowing of the defendant's reckless misconduct and the danger involved to him therein, the plaintiff recklessly exposes himself thereto."

This is followed in part by the comment:

"The plaintiff is not barred even by that form of negligence which is called voluntary assumption of the risk. In order that the plaintiff's conduct may bar him from recovery, it is necessary that he not only know of the defendant's reckless conduct, but also realize the gravity of the risk involved therein so that he is not only unreasonable but reckless in exposing himself to it."

In *Hemington* v. *Hemington,* 221 Mich 206, a simple negligence case, we stated that, re-entering a car with a known reckless driver who had refused to pay heed to remonstrances *at most* presented a

question of fact to the jury on asumption of the risk.

In *Teeter* v. *Pugsley,* 319 Mich 508, plaintiff was wounded on Halloween evening, while standing on a porch, by a gun fired over the heads of some children. We there held that contributory negligence and assumption of the risk were no defenses to wilful and wanton misconduct, citing as authority *Gibbard* v. *Cursan,* 225 Mich 311, a case which precluded contributory negligence but contained no reference or circumstances pertaining to assumed or incurred risk.

While it is common knowledge that one who operates a motor vehicle after drinking liquor is more apt to be negligent than one who has not imbibed, it does not follow that wilful and wanton misconduct on his part is always foreseeable so that one who enters it will have recklessly subjected himself to the aggravated tortious conduct herein complained of. The rule, advocated by defendants that reckless exposure of oneself to risk would bar recovery, would not be applicable to the facts of the instant case. Viewing the testimony in the light most favorable to the plaintiff, she had no reason to anticipate the conduct that occurred. There was not sufficient indication of physical or mental incapacity on the part of defendant Douglas which would forewarn of the events that transpired.

The judgment is affirmed, with costs to plaintiff.

BOYLES, C. J., and REID, NORTH, DETHMERS, CARR, BUSHNELL, and SHARPE, JJ., concurred.