LAURA M. GERHAUSER, Plaintiff, v. BUDDY S. DEEMER, Defendant.
J. HARRY TRUITT, Plaintiff, v. SAME.
MARY E. HUTCHINSON and ROBERT N. HUTCHINSON, Plaintiffs v. SAME.

(*July* 18, 1955.)

LAYTON, J., sitting.

*William S. Satterthwaite* for Laura M. Gerhauser.

*George T. Coulson* for J. Harry Truitt.

*Albert L. Simon* for Mary E. Hutchinson and Robert N. Hutchinson.

*William H. Bennethum* for Defendant.

Superior Court for New Castle County, Nos. 879, 845 and 1082, Civil Action, 1954.

LAYTON, J.:

Viewing the evidence in the light most unfavorable to defendant, a jury could find the following facts. Gerhauser, Truitt and Mrs. Hutchinson were guests of Deemer who drove them to Dover. After the business of the convention, these four had dinner at a restaurant. Defendant had a heavy steak dinner and two bottles of ale. Thereafter, they drove a few hundred yards to a motel at which a large coctail party was being held. Deemer had three highballs within a period of twenty-five or thirty minutes. When they departed for New Castle, Deemer "gunned" the car causing it to skid. Within a minute or two thereafter, Mrs.

Hutchinson warned him he was traveling too fast. As they passed through Smyrna (about 11 miles north of Dover) defendant passed a truck at high speed and so close that it caused Truitt again to warn Deemer to slow down. A few miles farther on, defendant's car passed another car, the occupants of which estimated that Deemer was traveling up to 80 miles an hour. Shortly thereafter, Deemer's speed was such as to cause one of the passengers to lean forward and say "Deemer, you b——, slow down." Deemer paid no attention and, in fact, speeded up to a speed which was estimated by Truitt to have been 75 M.P.H. but which a jury may have found was over 80 M.P.H. As they approached the scene of the accident, they were traveling on the east lane of the northbound portion of a dual highway. It was daylight and there was full visibility. They came up a slight rise onto a plateau where the road was almost level and straight for 1,200 ft. A truck was parked in the same lane as theirs at the other end of the plateau some 1,200 ft. distant. It was visible for this entire distance. Defendant did not see the truck until just before the collision as indicated by the fact that his car skidded 50 ft. directly into the rear of the truck. Deemer, although not drunk, was under the influence of whiskey and this together with his high rate of speed caused the accident.

Title 21, *Del. C.* § 6101(a) reads:

"No person transported by the owner or operator of a motor vehicle, boat, airplane or other vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident was intentional on the part of such owner or operator, or was caused by his wilful or wanton disregard of the rights of others."

The quoted statute has been construed by this Court in *Gallegher v. Davis*, 7 *W. W. Harr.* 380, 183 *A.* 620, 622. There, plaintiff, a guest, was riding in Law's machine which was being driven on a through highway at 60 M.P.H. The speed limit was then 45 M.P.H. Davis came out of a stop street causing the accident in which plaintiff was injured.

Chief Justice Layton, for the Superior Court, said this:

"The word, 'negligence,' is nowhere used in the statute; and it is clear that negligence, as that term is properly understood in law, is eliminated as a basis of liability. * * *

"The distinguishing characteristic of negligence, is careless-ness, thoughtlessness, inattention, inadvertence. Negligence is negative in its character and implies nonfeasance. Wilful or wanton conduct is outside the domain of negligence, for the moment the element of wilfulness, actual or constructive enters, the conduct ceases to be negligent, and assumes the character of maliciousness or wickedness. Wilfulness and negligence are in-compatible terms. Absence of intent is a characteristic of negli-gence. Wilfulness cannot exist without purpose or design. The difference is one of kind, not of degree. There is a clear distinc-tion between wantonness and negligence, as the former term in-cludes the elements of consciousness of one's conduct, realiza-tion of the probability of injury to another, and disregard of the consequences. Likewise, the precisian clearly distinguishes wilfulness from wantonness, in that the former includes the ele-ment of actual intent to cause injury, while, with respect to the latter, there is included, at most, an implied or constructive in-tent. But, wilful conduct or wanton conduct culminating in a happening and consequent injury, is more than negligent con-duct, and where, as here, the statute defines the actionable qual-ity of the conduct producing the event, as wilful or wanton dis-regard of the rights of others, it is clear that more than negli-gence is required as a basis of liability."

But the facts here present a much more serious case against defendant than those of the *Gallegher* case. There, de-fendant was proceeding some 15 M.P.H. in excess of the speed limit on a through highway past an intersection where the inter-secting street was guarded by a stop sign. In the case at bar, defendant could be found to have been driving in excess of eighty miles per hour while under the influence of liquor. More-over, the element of wantonness may be inferred from the con-

duct of defendant on increasing his speed in the face of a warning to slow down immediately prior to the accident.[1]

Defendant further argues that even if he were guilty of wilful and wanton conduct, plaintiffs are barred from recovery because, knowing the condition defendant was in after indulging in intoxicants, nevertheless, they voluntarily consented to ride back to New Castle with him. I do not agree with this contention for several reasons. In the first place, Mrs. Hutchinson seems to have been the only one of the three guests who can be said to have noticed that defendant was drinking at the cocktail party. Secondly, a jury might find that defendant's condition was satisfactory when he started off on the return journey but that the effect of drinking three highballs in such a short space of time began to make itself felt very quickly thereafter. Under all the circumstances of this case, whether these plaintiffs voluntarily assumed the risk is for the jury. *Davis v. Hollowell*, 326 *Mich.* 673, 40 *N. W.* 2d 641, 644, 15 *A. L. R.* 2d 1160; *Westergard v. Peterson*, 117 *Mont.* 550, 159 *P.* 2d 518, 520.

Defendant's motion for summary judgment is denied.

---

[1]Despite defendant's arguments to the contrary, I cannot agree that *Tyndall v. Rippon*, 5 *Del. Super.* 458, 61 *A.* 2d 422, has any bearing on the issue here.