Margaret SAHLI, for herself and for the benefit of Dennis Sahli and Daniel Sahli, her minor children, and Linda Sahli, Plaintiff and Respondent,

v.

William FUEHRER, as Special Administrator of the Estate of Simon Marquart, deceased, Defendant and Appellant.

No. 8006.

Supreme Court of North Dakota.

April 21, 1964.

Francis Breidenbach, Bismarck, C. F. Kelsch, Mandan, and Adam Gefreh, Linton, of counsel, for plaintiff and respondent.

Jansonius, Fleck, Smith, Mather & Strutz, Bismarck, Larry Hatch, Linton, of counsel, for defendant and appellant.

MORRIS, Chief Justice.

On reassignment. This action was brought by Margaret Sahli for herself and for the benefit of her children against the administrator of the estate of Simon Marquart, deceased, to recover damages for the wrongful death of her husband who was killed while riding in an automobile driven by Marquart. The accident occurred about six o'clock p. m. on the public highway at the southwest edge of the village of Strasburg, North Dakota. The car driven by Marquart, who was proceeding north, and a car being driven south by Betty Jane Sayler collided head-on. Simon Marquart, together with Martin Sahli and Benedict Bosch, two guest passengers, were killed. Betty Jane Sayler and her mother who was riding with her were also killed. A son of the driver, who was asleep in the back seat at the time of the collision, survived but could give no testimony as to the facts involved.

A jury returned a verdict for the plaintiff upon which judgment was entered. This appeal is from the judgment and from an order denying the defendant's motion for a judgment notwithstanding the verdict or for a new trial.

This action is brought under the guest law, Chapter 39–15, NDCC, which provides that a guest who accepts a ride in a vehicle and while so riding sustains an injury has no right of recovery against the owner, driver or person responsible for the operation of a vehicle moving upon any of the public highways of the State. It contains the further provision that:

"* * * this chapter shall not be construed as relieving the owner, driver, or person responsible for the operation of a vehicle from liability for injury to or death of a guest proximately resulting from the intoxication, willful misconduct, or gross negligence of such owner, driver, or person responsible for the operation of such vehicle."

It also provides that in an action under the guest statute the burden is upon the plaintiff to establish that the intoxication, willful misconduct or gross negligence was the proximate cause of an injury or damage.

The plaintiff amended her complaint so as to eliminate all grounds for recovery except "ordinary negligence superinduced by intoxication of Simon Marquart," and the trial court in unchallenged instructions to the jury said:

"It is the contention of the plaintiffs herein that the collision and resultant damages was caused by the ordinary negligence superinduced by intoxication of Simon Marquart, and the ordinary negligence of Betty Jane Sayler, and that the negligence of both consisted in driving the said automobiles in their wrong lane of traffic on the highway, and that said negligence of Simon Marquart was superinduced by intoxication, and that both drivers were negligent in not yielding to the other driver his or her full share of their respective lanes of travel. As used herein, the word 'superinduced' means to bring into or upon as an addition to ordinary negligence."

The defendant's amended answer denies negligence on the part of Simon Marquart, and as an affirmative defense alleges:

"That if intoxication is involved in the within action the said Martin Sahli was guilty of negligence in entering the automobile and riding with Simon Marquart and as a result thereof is guilty of contributory negligence or assumed the risk and is precluded from recovering in the within action."

The argument in the appellant's brief assumes the ordinary negligence of Marquart and argues that the plaintiff has failed to meet the burden of proof that rested on her to show intoxication. It is argued that if the jury was warranted in finding that Marquart was intoxicated, then as a matter of law the record establishes that because Martin Sahli was with Marquart and participated with him in drinking intoxicating liquors, he was aware of Marquart's condition when he entered the automobile as a guest and assumed the risk involved in Marquart's driving.

The trial court instructed the jury that:

"Intoxication as used in the guest statute is established when it is proven by a fair preponderance of the evidence that the host's normal mental and physical faculties for the safe and prudent operation of a motor vehicle are appreciably impaired, and the ordinary negligence of the host is thereby induced which proximately causes the mishap out of which the guest's injuries and damages arise."

The court also explained to the jury the defenses of contributory negligence and assumption of risk, and advised them that they were affirmative defenses and must be proven to the jury's satisfaction by a fair preponderance of the evidence. The appellant waived exceptions to the written instructions.

■ Summing up the instructions, which are the law of the case insofar as they apply to the points at issue, McCullagh v. Fortune, 76 N.D. 669, 38 N.W.2d 771, it appears that the jury was told that it was incumbent upon the plaintiff and respondent to prove to the satisfaction of the jury by a fair preponderance of the evidence that Simon Marquart was guilty of ordinary negligence superinduced by intoxication and that it was incumbent upon the defendant and appellant to prove the defense of assumption of risk or contributory negligence to the satisfaction of the jury by a fair preponderance of the evidence.

The jury resolved both the question of the intoxication of Marquart, and the question of contributory negligence or assumption of risk on the part of Sahli in becoming a guest of Marquart and riding in his car, in favor of the plaintiff, and rendered a verdict for the plaintiff.

The specifications of error as argued by the plaintiff and appellant with respect to the appeal from the judgment and the appeal from the order denying the motion for judgment notwithstanding the verdict or in the alternative for new trial present only

issues based upon the sufficiency of the evidence with respect to two questions. The first is, was the jury warranted in determining that Marquart was intoxicated to such an extent that it could be said that his ordinary negligence was superinduced by the intoxication. The second question is, was the jury warranted in determining that Martin Sahli in becoming a passenger in Marquart's car did not assume the risk involved and was not contributorily negligent in riding with Marquart as the driver.

■ The appeals in this case require us to review the evidence with respect to its sufficiency to sustain the verdict and to determine whether or not the trial court erred in denying either part of the motion in the alternative. This review must be made pursuant to a rule long established in this jurisdiction that questions of negligence, contributory negligence and proximate cause are questions of fact for the jury unless the evidence is such that reasonable men can draw but one conclusion therefrom, in which event such questions become questions of law for the court. Leonard v. North Dakota Co-op. Wool Marketing Ass'n, 72 N.D. 310, 6 N.W.2d 576; Goulet v. O'Keeffe, N.D., 83 N.W.2d 889; Bauer v. Kruger, N.D., 114 N.W.2d 553.

■ In reviewing an order denying a new trial it is the rule of this Court that whether the new trial should be granted upon the ground of insufficiency of the evidence rests largely in the sound discretion of the trial court, and unless an abuse of that discretion is shown the action of the trial court will not be disturbed upon appeal. Robbins v. Robbins, N.D., 70 N.W. 2d 37; Hauff v. Keyes, N.D., 83 N.W.2d 414; Otter Tail Power Company v. Malme, N.D., 92 N.W.2d 514; Kuntz v. McQuade, N.D., 95 N.W.2d 430; Stokes v. Dailey, N.D., 97 N.W.2d 676.

We now examine the evidence as to the sufficiency thereof to support the verdict with respect to the intoxication of Marquart whom the jury must have found was intoxicated at the time of the accident and

the issue of whether Martin Sahli was contributorily negligent in riding with Marquart or assumed the risk involved in so doing.

Martin Sahli, Benedict Bosch and Simon Marquart lived in the vicinity of the town of Hague, North Dakota. They left Marquart's farm about two o'clock p. m., December 29, 1960, the day of the accident which resulted in the death of the three men. Bosch was the son-in-law of Marquart and had recently rented the Sahli farm. The purpose of the trip was to get Marquart's automobile which had been left for repairs at Scholl's Garage. The three men entered Eberle's Bar in Hague before two-thirty p. m., where they remained until about five o'clock. Sahli and Marquart played pool. Bosch sat around. During the time they played pool, Mrs. Eberle served Marquart four twelve-ounce bottles of five per cent beer and served Martin Sahli with four drinks of whisky mixed with charged water. Bosch drank only soft drinks. She saw Marquart walking around the place all afternoon. She did not see him staggering. He did not at any time appear to her to be drunk. The men behaved like gentlemen. She did not notice that they were talking loud when they left. Sahli's drinks each contained an ounce of whisky. She heard the men say they were waiting for a car to be fixed. Joe Eberle came to work at the bar at about four-fifteen. He testified that the men were not served anything to drink after he came and that they left between four-thirty and five o'clock. He did not observe anything unusual about the way the men were acting. He saw Simon Marquart walk around. He was not staggering. He was playing pool with Martin Sahli.

The witness Frank Haag was the proprietor of Frank's Bar in Hague on the day of the accident. He testified that Sahli, Bosch and Marquart came into his place of business shortly before six o'clock. Sahli bought a round of drinks. Marquart took beer, Sahli took whisky, and Bosch a Pepsi Cola. They left the place shortly before six. They were talking about going to

Strasburg where they had some business to attend to. The distance between Hague and Strasburg is about 12 miles.

Martin Schall, who was an implement and hardware dealer with a place of business adjacent to Haag's bar, testified that he saw the three men twice during the afternoon as he passed Eberle's Bar, and later saw them in Haag's bar at ten or fifteen minutes to six o'clock. Marquart had a bottle of beer on the bar and was holding a glass in his hand. Schall did not see him drink anything. Sahli was sitting at the bar. Marquart asked Schall to buy a round of drinks, which the witness refused to do. He wouldn't be able to say whether Marquart was drunk. He did not notice him stagger nor that his speech was affected.

Victor Schall is a self-employed mechanic who owns a repair garage about half a block from Haag's bar. Simon Marquart left his automobile at Schall's garage about ten o'clock on the morning of December 29, 1960, and got it about five-fifty in the evening of that day. Schall was busy greasing a car when Marquart came and did not see or talk to him, but Marquart told him he would take the car and pay for it some other time.

Albens Mitzel testified that he was in Frank's Bar when Marquart came in. The witness describes him as "Happy. * * * He was the last one who came in there. * * * He was kind of dancing around, happy." Others had drinks, including Marquart to whom they gave a bottle of beer and poured it in a glass. As long as the witness was there Marquart drank about half of the glass. Marquart asked Martin Schall to buy a drink, and Martin said, "No. You got enough."

▋ The first question to be considered is whether the evidence is sufficient to warrant the jury in finding that Marquart was intoxicated at the time of the accident. As we said in Borstad v. LaRoque, N.D., 98 N.W.2d 16,

"It is a question of fact for the jury to determine from a consideration of

all the proof—the cumulative effect of all of the evidence—whether the driver was in fact intoxicated at the time of the mishap, although his intoxicated condition may neither have been obvious to others nor observed by others and was proved only by circumstantial evidence."

▋▋ The jury was instructed that:

"Intoxication as used in the guest statute is established when it is proven by a fair preponderance of the evidence that the host's normal mental and physical faculties for the safe and prudent operation of a motor vehicle are appreciably impaired, and ordinary negligence of the host is thereby induced which proximately causes the mishap out of which the guest's injuries and damages arise."

This instruction is substantially a statement of this Court in Borstad v. LaRoque, supra.

▋ From the circumstances of the accident as disclosed by the evidence, the jury had a right to infer that when it occurred Marquart was driving at a high rate of speed, partly in the wrong traffic lane, around a curve, and without having his car under proper control. When those circumstances are considered in connection with the fact that during the afternoon he had consumed four and three-fourths of twelve-ounce bottles of beer without having eaten since before two o'clock p. m. and that his drinking continued until about fifteen minutes before the accident, the question of whether he was intoxicated at the time of the accident was for the jury and we cannot say as a matter of law that he was not intoxicated.

▋ The next question is whether the jury was warranted in determining that Martin Sahli was not guilty of contributory negligence and did not assume the risk involved in riding in the car driven by Marquart. The appellant strenuously argues that Sahli's participation in and knowledge

of the events of the afternoon compels us to hold that he was guilty of assumption of risk as a matter of law. In Stotzheim v. Djos, 256 Minn. 316, 98 N.W.2d 129, a guest case, the trial judge directed a verdict in favor of the defendant on the ground of assumption of risk. The judgment was reversed and a new trial granted by the Supreme Court. It appeared that host and guest, drinking together, drank three to five strong beers in a period of four hours prior to the accident. Defendant had been on a diet and was weak from lack of food. In the syllabus by the court it is said:

> "Where the evidence showed that the defendant and his guest passenger had consumed from three to five bottles of beer within a period of 4 hours; where the defendant driver was in a weakened physical condition because of lack of food in his diet; and where the defendant driver gave no indications to his guest passenger that he was under the influence of intoxicants, it was error for the trial court to direct a verdict in favor of the defendant on the theory of assumption of risk where the record as a whole presented a question of fact as to whether or not the plaintiff had knowledge or appreciation of the driver's impaired ability and whether he willingly proceeded to be a passenger in said automobile knowing of the impaired driving ability of the defendant."

A number of cases have held that even though the host and guest were drinking together prior to an automobile ride which resulted in an accident, the question of the assumption of risk was for the jury. Among such cases are Davis v. Hollowell, 326 Mich. 673, 40 N.W.2d 641, 15 A.L.R.2d 1160; Westergard v. Peterson, 117 Mont. 550, 159 P.2d 518; Bowman v. Central R. Co. of New Jersey, 27 N.J.Super. 370, 99 A.2d 423; Shoemaker v. Floor, 117 Utah 434, 217 P.2d 382; Willoughby v. Driscoll, 168 Or. 187, 120 P.2d 768, 121 P.2d 917.

In other cases where the defense involved contributory negligence and the evidence showed that the guest plaintiff and the host defendant had been drinking together prior to entering the car in which the accident occurred, it has been held that the question of the contributory negligence of the plaintiff was for the jury. Such a case was United Brotherhood of Carpenters and Joiners of America, Local Union No. 55 v. Salter, 114 Colo. 513, 167 P.2d 954. The defendant pleaded contributory negligence, objected and excepted to the instructions because they did not submit the question of contributory negligence to the jury, and tendered an instruction to the effect that if the plaintiff intentionally and unreasonably exposed himself to danger of which the plaintiff knew or had reason to know, they should find for the defendant. The appellate court reversed the judgment for the plaintiff but refused to hold that the plaintiff was barred from recovery as a matter of law and stated the rule to be:

> "Where the guest has knowledge of substantial drinking of intoxicating liquor by the driver and there is evidence tending to show that such drinking was a contributing cause of the driver's negligence, then the issue as to whether the guest was sufficiently forewarned so that under all the circumstances he was negligent in becoming or remaining a guest in the car should be submitted to the jury. He is not barred as a matter of law except where his knowledge of the physical incapacity of the driver and the surrounding circumstances are such that reasonable men could draw but one inference as to his negligence."

Other cases to the same general effect are Scott v. Shairrick, 225 Ark. 59, 279 S.W.2d 39; Zullo v. Zullo, 138 Conn. 712, 89 A.2d 216; Agans v. General Mills, Inc., 242 Iowa 978, 48 N.W.2d 242; Peters v. Hoisington, 72 S.D. 542, 37 N.W.2d 410; Murray v. Reidy, 21 Wis.2d 254, 124 N.W.2d 120. Applying the foregoing rule to the facts as disclosed by the record, we cannot say as a matter of law that the plaintiff was contributorily negligent or assumed the risk.

Our careful review of the evidence leads us to the determination that the court did not err in denying defendant's motion for judgment notwithstanding the verdict. He also denied the motion for new trial, which we find was not an abuse of discretion and it was not error so to do.

The appeal from the judgment presents no questions that were not also presented by the motion for judgment notwithstanding the verdict or for a new trial. The order denying the motion is affirmed as is also the judgment.

TEIGEN, BURKE, and STRUTZ, JJ., concur.

ERICKSTAD, J., not being a member of the Court at the time of submission of this case, did not participate.