WILLIAM J. FITZPATRICK, JR., *vs.* JOSEPH CINITIS.
MARY BATERFARANO *vs.* JOSEPH G. CINITIS.
ANNA CARMODY *vs.* JOSEPH G. CINITIS.

Third Judicial District, Bridgeport, October Term, 1927.

WHEELER, C. J., HAINES, HINMAN, BANKS and FOSTER, Js.

A request to charge which only partially states the law relating to the issue in question and ends with a demand that the verdict must be for the requesting party, should be refused.

The defendant in the present cases claimed that the plaintiffs, who were injured while riding as passengers in his automobile, observed him consume such a quantity of alcoholic liquor during a dinner party, which preceded the drive, that they knew, or should have known, that he was in an intoxicated condition; and that, in entering the car under such circumstances, they were guilty of contributory negligence. *Held* that the trial court having properly left to the determination of the jury the several issues of fact involved in this claim, correctly instructed them, in effect, that if a reasonably prudent person would not enter an automobile as the guest of a driver known to be intoxicated, such conduct would constitute negligence, and that if injury resulted from such intoxication, the guest would not be entitled to recover damages therefor.

The conduct of a guest while riding in an automobile is to be measured by the care which an ordinarily reasonable and prudent person would have exercised under the same circumstances.

If the claims of an appellant were amply and correctly explained

to the jury in other portions of the charge, it is of no avail to
him to point out that they were omitted from one particular
paragraph.

An adult of ordinary intelligence and experience is presumably
capable, without proof of further qualification, of expressing
his opinion as to the speed of a passing automobile which he
observes.

The order in which evidence is introduced is within the discretion
of the trial court.

A plaintiff who was injured while riding as a passenger in the de-
fendant's automobile may state his observations as to the
manner of the defendant's driving on prior occasions in order
to show that he had no reason to anticipate a failure to use due
care at the time in question.

A police officer may describe the condition in which he found the
plaintiff after an automobile accident, but he may not state what
he did as a result thereof, when it has no bearing upon any of
the issues in the case.

Unnecessarily repetitious questions may be excluded within the
sound discretion of the trial court.

Argued October 25th—decided December 12th, 1927.

ACTIONS to recover damages for personal injuries
to each of the plaintiffs, alleged to have been caused
by the defendant's negligence, brought to the Superior
Court in New Haven County and tried together to the
jury before *Simpson, J.;* verdict and judgment for the
plaintiff in each case, and appeals by the defendant.
*No error.*

*Dennis W. Coleman* and *Hector P. Auray*, for the
appellant (defendant).

*William B. Fitzgerald*, with whom was *Thomas F.
McGrath* and, on the brief, *Edward B. Reiley*, for the
appellees (plaintiffs).

FOSTER, J.    These three cases were tried together
before the Superior Court and the jury and were ar-
gued together before this court upon one finding of

facts and upon identical claims of error. They will, therefore, be considered together in this opinion.

Numerous subsidiary facts may have been found by the jury. In so far as it is necessary to state them for a determination of the questions of law on these appeals, they are as follows: In the early morning of December 26th, 1924, the plaintiffs and others dined at a restaurant in Waterbury with and as the guests of the defendant. At about 2:00 a. m. all of the party left the restaurant for their homes, the plaintiffs and two others riding as guests in an automobile owned and operated by the defendant and at his invitation. The defendant drove his automobile from Exchange Place in Waterbury along West Main Street to St. John's Church carefully and at a speed not greater than twenty-five miles per hour, but thereafter he increased his speed so that at the intersection of West Main Street and Riverside Street he was traveling at the rate of about sixty miles per hour. In the crosswalk running north and south on West Main Street on the westerly side of Riverside Street, there is a depression about three inches in depth extending from the northerly side of West Main Street to about its center. When the defendant's automobile reached the crosswalk, because of the speed at which it was being driven by the defendant over the depression in the crosswalk, the steering wheel shook out of his hands, and the automobile left the road and ran up the northerly sidewalk into a brick building, and as a consequence the plaintiffs were injured. The injuries of the plaintiffs were caused by the negligence of the defendant to which the plaintiffs did not materially or essentially contribute.

The defendant claimed and offered evidence to prove that at the dinner preceding the ride he had, in the presence of the plaintiffs, partaken of such a quantity

of alcoholic beverage that the plaintiffs knew or should have known that the defendant would thereby be made intoxicated and that he was, in fact, in an intoxicated condition immediately before and at the time of the collision; and that his intoxication was the cause of the collision, and that by reason of their knowledge of the defendant having partaken of such a quantity of alcoholic beverage, the plaintiffs, by entering the automobile of the defendant as passengers, were guilty of negligence which materially and essentially contributed to their injuries.

Upon these claims of fact the defendant bases his more important claims of law in these appeals. The defendant had the right to present any evidence that proved or tended to prove these facts, and the court was bound to properly instruct the jury as to the law relative to the evidence so presented.

The defendant's second, third, fifth and sixth requests to charge all relate to the law of the liability of the plaintiffs, if, before they entered the automobile, they knew or ought to have known of the condition of intoxication of the defendant. Each of these requests only purports to state a part of the law upon this assumed situation or the law of one aspect of it; and yet each request concludes with the words, "then the verdict should be for the defendant." It is obvious that if the court had chosen to adopt the words of any one or more of these requests and then had used the concluding words above quoted, the charge would have been incomplete and erroneous.

In the case of *Hull* v. *Douglass,* 79 Conn. 266, 271, 64 Atl. 351, this court said: "The remainder of the requests to charge attempt to state in separate paragraphs portions of the law defining contributory negligence, and substantially asks the court to instruct the jury that by reason of each several statement contained in

these paragraphs their verdict must be for the defendant. This request as framed by the defendant was objectionable, and the court properly declined to charge the jury in the language of the request."

On this question, the court charged the jury as follows: "Also, if the driver of a car, from intoxication, is in a condition which renders him incapable of operating it with proper diligence and skill, and this is known or palpably apparent to one entering the car, that is a fact to be taken into consideration along with the other facts in the case in determining whether such person exercised ordinary or reasonable care in entering or remaining therein.

"If an ordinarily reasonable and prudent person would not have entered an automobile driven by a person known to be intoxicated, or whose intoxicated condition is palpably apparent, it would be negligent for one to so enter the automobile and ride therein, and if injury resulted from the failure of the driver to operate the car with proper care and skill because of his intoxicated condition, then the person riding therein could not recover under those conditions.

"A guest or a gratuitous passenger, however, is not negligent in riding with an intoxicated driver or one under the influence of intoxicating liquors, if he was unaware of such intoxication, and no facts had been noticed by him which would arouse the suspicions of one of ordinary prudence in relation thereto. . . .

"Also, if you find that the defendant was intoxicated or under the influence of liquor, you will determine whether that fact was known to the plaintiffs or any one of them, or that his intoxicated condition was so palpably apparent that it must have been known to them and liable to affect his operation of the car. You will then determine whether they or any one of them was negligent in entering the car, or acted as a reason-

ably prudent person while in the car, without doing more than you may find they or any one of them did to have the defendant run the car in a more reasonable or proper manner."

The defendant in his seventh, eighth, ninth and eleventh assignments of error criticizes the portion of the charge above quoted because of the claimed fact that the defendant indulged in liquor at the dinner and that the plaintiffs either knew or ought to have known that such indulgence was of an extent to intoxicate the defendant. These were all facts for the jury to determine. It was for the jury to say from the evidence whether the defendant drank any liquor at all that night, whether he drank enough liquor to intoxicate him, whether the plaintiffs saw him drink liquor, whether the plaintiffs ought to have seen him drink, if he did drink liquor, whether the plaintiffs knew or ought to have known that from indulgence in liquor the defendant would later become so intoxicated as not to be able to operate an automobile with due care. All these facts the court properly left to the jury for decision and we approve the instruction given by the court on these questions.

The court correctly charged the jury that "it could be hardly expected that one would leap from a fast moving car under those circumstances, unless perhaps the jumping was less dangerous than that of remaining in the car. The test is what an ordinarily reasonable and prudent person would have done under the circumstances and conditions then and there existing." The first request to charge submitted was, therefore, properly refused by the court.

The seventh request to charge submitted by the defendant presents no question of negligence on the part of the defendant or contributory negligence on the part

of the plaintiffs and was properly overruled by the court.

The defendant further complains of a single paragraph of the charge because there is not contained in that particular paragraph reference to the claim of the defendant that he was intoxicated while operating the automobile and that the plaintiffs knew or ought to have known of such intoxication. The court in other parts of the charge instructed the jury at length and correctly as to the law bearing upon these claims of the defendant, and therefore this claim of the defendant is without merit.

The plaintiffs called as a witness one Bergin, and asked him at what speed the car was being operated just as it came in collision. To this question the defendant objected and excepted to the admission of the same. This court has said: "Generally an adult person of reasonable intelligence and ordinary experience in life, who just before the accident observed the passing automobile, the rapid speed of which is claimed to have caused the accident, is presumably capable, without proof of further qualification, to express an opinion as to how fast such automobile was going." *Wolfe* v. *Ives,* 83 Conn. 174, 179, 76 Atl. 526. The ruling of the court on this objection was correct.

The plaintiff Fitzpatrick was asked on direct examination relative to certain injuries to his knees and objection was made by the defendant that such injuries had not been shown to be a result of the collision. The court admitted the question, stating, "I am assuming that he is going to offer testimony to prove all this was the proximate result of the accident." The order in which evidence is introduced in a case is discretionary with the court. *Hurlburt* v. *Bussemey,* 101 Conn. 406, 126 Atl. 273; *Portland Water Co.* v. *Portland,* 97 Conn. 628, 118 Atl. 84; *Pepe Co., Inc.* v.

*Apuzzo,* 98 Conn. 807, 120 Atl. 681; *Dimon* v. *Romeo,* 99 Conn. 197, 121 Atl. 352. It does not appear in the record that the injuries referred to were not shown to have been a result of the accident, but on the contrary it does appear in the finding that the plaintiff offered evidence to prove that these particular injuries did result from the collision. Moreover, it does not appear in the finding that any motion was made later in the trial to strike this evidence from the record.

The plaintiff Fitzpatrick was asked on direct examination relative to the manner that he had observed the defendant operating an automobile on occasions prior to the night in question. This question was admitted over the objection of the defendant. One of the questions at issue was whether or not this plaintiff was negligent in not assuming at the time he entered the automobile that the defendant would not operate the automobile with due care. This evidence was admissible as tending to show that the plaintiff had no reason to anticipate from his prior knowledge of defendant's operation of an automobile that the defendant would not operate the automobile with due care, and the objection of the defendant to its admission was properly overruled.

McMullen, a lieutenant of police, was inquired of by the defendant on direct examination as to what he did relative to the plaintiff Carmody after the accident. To this evidence the plaintiff objected and the same was properly excluded by the court. The question apparently was asked for the purpose of showing the condition at that time of the plaintiff Carmody. The witness might properly state what that condition was, but anything that the witness did as a result of that condition did not so far as appears tend to prove or disprove any of the issues of the case.

A witness, Martha Heintz, was asked a question

tending to show the relative position of the parties in the automobile at the time of the collision. The position of these parties had apparently been repeatedly described by different witnesses and it was clearly within the sound discretion of the court to prevent unnecessary repetition. *State* v. *Mosca,* 90 Conn. 381, 97 Atl. 340; *Bishop* v. *Copp,* 96 Conn. 571, 114 Atl. 682.

There is no error.

In this opinion the other judges concurred.