SAMUEL STEIN *v.* SAMUEL NASHNER

MALTBIE, C. J., AVERY, JENNINGS, ELLS and DICKENSON, Js.

Argued June 5—decided July 16, 1942.

*Cyril Coleman,* with whom, on the brief, was *Louis M. Schatz,* for the appellant (defendant).

*Morton E. Cole,* with whom, on the brief, were *Cyril Cole* and *A. W. Firestone,* for the appellee (plaintiff).

JENNINGS, J.  The plaintiff invitee was injured by a fall from the rear porch of the defendant's house and had a verdict.  The defendant appealed from the

refusal of the trial court to set it aside and from the judgment, alleging errors in the charge.

The jury could reasonably have found the following facts: The plaintiff had installed screens in the house of the defendant and was awaiting the latter's arrival. When he came he invited the plaintiff out to the back yard to show him something. The back door swung inward and a screen door outward. The rear porch consisted of a concrete slab about five feet long, measured along the north face of the house, and four feet wide, measured from the house to the outer edge. There were two concrete steps from its westerly edge to the walk and its surface was from seventeen to twenty inches above the ground on the north and east sides. It had no railing, although good building practice in Hartford called for a railing or other form of guard for any porch nine or more inches above the ground. As constructed, the porch was not reasonably safe for use. When the screen door was opened onto the porch at a right angle to the house, there were sixteen inches between its outer edge and the northerly edge of the porch.

The defendant preceded the plaintiff onto this porch and held the screen door open for him. The latter stepped onto the porch and stood about a foot and a half from the steps and three or four inches from the northerly edge of the porch with his back to the defendant, waiting for him to close the door. While standing there the defendant pointed and said something about the grass and at the same time nudged or pushed the plaintiff, causing him to lose his balance and fall.

The complaint alleged that the defendant was negligent in maintaining the porch in the condition described and in negligently and carelessly brushing or pushing against the plaintiff. During the trial, the

court questioned the plaintiff's attorney and the latter stated that the plaintiff's claim was that his fall was caused by a combination of the lack of a handrail and the brush or nudge and admitted that his client was not entitled to a verdict unless he proved that he was brushed or pushed by the defendant. This narrowed the issue. The duty of the defendant was that of reasonable care, and under the facts the jury could have found that he was negligent in pushing the plaintiff off the platform. There is no evidence that the push was at all forceful and the defendant makes much of this. It could have been found voluntary, however, and sufficient to knock the unsuspecting plaintiff off balance. The jury could also have found that this was a substantial factor in causing the injury and that the defendant had failed to prove the plaintiff guilty of contributory negligence. The court did not err in refusing to set aside the verdict.

The plaintiff's claims of proof were substantially the facts above set forth with the additional claim that, standing as he did, with his back to the defendant, he had no reason to expect that the defendant would nudge or push him in such a way as to cause him to lose his balance. The defendant did not dispute the physical layout but claimed that it was in accordance with standard architectural and engineering practice and that the plaintiff was thoroughly familiar with it from previous visits. He claimed that when the plaintiff fell he, the defendant, was already in the back yard and turned to see the plaintiff lying at the foot of the steps on the walk.

The jury were clearly instructed that unless the plaintiff proved that the nudge or push was negligent and was a substantial factor in causing his fall he could not recover, whatever the other conditions may have been. In view of the sharp contradiction be-

tween the claims of the parties as to how the plaintiff fell, this presented a simple factual question which the jury were peculiarly adapted to decide. "This court is not inclined to find mere technical errors upon which to reverse judgments." *Wood* v. *Connecticut Savings Bank*, 87 Conn. 341, 345, 87 Atl. 983. Since the charge was correct, full and clear on the main issue, it should be sustained unless the defendant was deprived of some substantial right.

The charge sufficiently defined contributory negligence and proximate cause and properly discussed these rules in connection with the facts. A charge with reference to the knowledge of the defendant of the architectural practice of Hartford was not required in the absence of a request. *Bullard* v. *de Cordova*, 119 Conn. 262, 267, 175 Atl. 673. The assignments of error based on these elements in the charge do not require further discussion.

The defendant filed a request to charge on assumption of risk which was refused. The defendant's claims of proof lay no foundation for this. He claimed that the porch was perfectly safe and the plaintiff admitted that it was safe enough as long as there was no active negligent act on the part of the defendant. He did not and could not claim that the plaintiff knew or ought to have anticipated the combination of factors—the condition and the push—which caused his injury. *Wray* v. *Fairfield Amusement Co.*, 126 Conn. 221, 227, 10 Atl. (2d) 600. There was no risk for the plaintiff to assume. The applications of the doctrine in this state have been practical, not theoretical. *Freedman* v. *Hurwitz*, 116 Conn. 283, 287, 164 Atl. 647 (plaintiff did not assume the risk of the driver of her car possibly falling asleep); *Dean* v. *Hershowitz*, 119 Conn. 398, 412, 177 Atl. 262 (tenant did not assume the risk of a specific defect in a porch although she

knew, in general, that it was out of repair); *Hassett v. Palmer*, 126 Conn. 468, 477, 12 Atl. (2d) 646 (plaintiff did not assume the risk of an injury resulting from a most unusual combination of factors). A charge on assumption of risk was not required.

As stated above, the principal factual issue was clearly presented to the jury and, read as a whole, the charge was correct in law, adapted to the issues and sufficient for the guidance of the jury. This is the test. *Water Commissioners v. Robbins*, 82 Conn. 623, 636, 74 Atl. 938; Conn. App. Proc., § 48.

There is no error.

In this opinion the other judges concurred.