CARMELLO ZULLO *v.* FRED ZULLO

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued April 1—decided May 6, 1952

*Joseph G. Shapiro,* with whom was *Milton H. Belinkie,* for the appellant (defendant).

*Paul V. McNamara,* with whom, on the brief, was *William R. Jones,* for the appellee (plaintiff).

JENNINGS, J. The plaintiff had a $20,000 verdict in a negligence case. The defendant appealed from the denial of his motion to set aside the verdict and from the judgment.

The jury reasonably could have found the following facts: Defendant and plaintiff are husband and wife. They were not getting along well. On Friday nights the plaintiff liked to go bowling with her girl friends. The defendant wanted the plaintiff to go out with him on the Friday night in question although she had been at home alone every other night of the week. She went out in a friend's car. The defendant saw her and insisted that she go with him although she did not want to. He then drove her to an inn just over the New York state line. He was "hollering" at her all the way about her girl friends and she was crying. They spent the evening at the inn. Both had more or less to drink. Neither was drunk when they left shortly after midnight. Some young fellows who left the inn at the same time offered to drive the defendant's car and urged him to let his wife drive, but he said that it was his car and that he was going to drive it himself. After traveling a few miles at excessive speed, the defend-

ant's car left the road, knocked down eight fence posts and broke off a telephone pole. The plaintiff was frightfully injured and nearly killed.

The principle determinative of the defendant's claim that the verdict is excessive is well stated in *Amellin* v. *Leone*, 114 Conn. 478, 479, 159 A. 293: "The concurrence of twelve men composing the jury, especially when their conclusion is supported by the presiding judge, all of whom have had the opportunity of seeing and hearing the witnesses, comes to this court with weighty considerations in its favor, and should and will not be disturbed unless it clearly appears that the action of the jury was unreasonable or motivated by improper considerations or that the presiding judge has exceeded his discretionary control over the verdict." It would serve no useful purpose to describe the plaintiff's injuries in detail. Suffice it to say that we cannot hold as a matter of law that the trial court abused its discretion in refusing to set aside the verdict as excessive. *Slabinski* v. *Dix*, 138 Conn. 625, 628, 88 A. 2d 115; *Scarcello* v. *Greenwich*, 127 Conn. 464, 466, 17 A. 2d 523.

The claim of the defendant that the verdict was against the evidence is based on a peculiar and unusual situation. The plaintiff testified on her direct examination that she remembered nothing after she asked the defendant to go home. On cross-examination it appeared that shortly before this trial she was a witness in her own behalf in a divorce suit brought by her against the defendant. She admitted that in the divorce suit she testified to the defendant's condition when they left the inn, that he was unfit to drive and that she knew it. Her explanation of this inconsistency was that her statement that she remembered nothing after asking the defendant to go home was true and that the testimony about her husband's condition was

the result of what various people had told her. The situation is unsavory at best but the categorical denials by the plaintiff and the defendant that the latter was unfit to drive are supported to some extent by the testimony of the officer at the scene. It is elementary that the jury is the judge of the credibility of witnesses. This is true whether the contradiction is between different witnesses, as in *Lewis* v. *Healy,* 73 Conn. 136, 138, 46 A. 869, and *Amellin* v. *Leone,* supra, or between differing statements made by the same witness, as in *Stitham* v. *LeWare,* 134 Conn. 681, 683, 60 A. 2d 658, *Rode* v. *Adley Express Co.,* 130 Conn. 274, 278, 33 A. 2d 329, and *State* v. *Willis,* 71 Conn. 293, 314, 41 A. 820. See *Porcello* v. *Finnan,* 113 Conn. 730, 733, 156 A. 863; *Kanopka* v. *Kanopka,* 113 Conn. 30, 35, 154 A. 144; *Fitzpatrick* v. *Cinitis,* 107 Conn. 91, 96, 139 A. 639. As has been stated above and in innumerable cases, the concurrence of the judgments of the judge and the jury who saw the witnesses and heard the testimony is a powerful argument for sustaining the action of the trial court. We cannot hold on this point that it abused its discretion.

The final claim of the defendant on his motion to set aside the verdict is that it is against the law. He claims that the plaintiff, in entering his car under the circumstances, was guilty of contributory negligence and assumed the risk of injury as a matter of law. A distinction is made between these defenses in *L'Heureux* v. *Hurley,* 117 Conn. 347, 353, 168 A. 8, and *Freedman* v. *Hurwitz,* 116 Conn. 283, 287, 164 A. 647, but, as is stated in those cases, both defenses may exist in a given case. The statement of facts shows that both could be claimed to have existed in the case at bar. *Fitzpatrick* v. *Cinitis,* supra; *Marks* v. *Dorkin,* 105 Conn. 521, 524, 136 A. 83. The issues were factual and the defendant had the burden of proof. See *Pall*

v. *Pall*, 137 Conn. 347, 349, 77 A. 2d 345; *Freedman* v. *Hurwitz*, supra, 289.   It was past midnight, the plaintiff was some distance from home with a husband who was at least quarrelsome and arbitrary.   We cannot say as a matter of law that the plaintiff was guilty of contributory negligence or assumed the risk of the trip when she entered his car.   See *Kakluskas* v. *Somers Motor Lines, Inc.*, 134 Conn. 35, 41, 54 A. 2d 592; *Stein* v. *Nashner*, 129 Conn. 317, 320, 27 A. 2d 801; *Doberrentz* v. *Gregory*, 129 Conn. 57, 61, 26 A. 2d 475; *Freedman* v. *Hurwitz*, supra.

In his appeal from the judgment the defendant assigns error in one ruling on evidence and in the finding.   The latter assignment is without merit.   There was no apparent reason for printing either the claims of proof or the charge since no assignments of error are directed to the latter.   A doctor, the plaintiff's witness, testified as to the possibility of her developing epilepsy and he was cross-examined by the defendant's attorney with reference thereto.   At the close of the evidence the defendant moved to strike out all testimony referring to epilepsy on the ground that there was no supporting allegation in the complaint.   The allegations of damage in the complaint were detailed and comprehensive.   The plaintiff claimed among other things a permanent brain injury.   The evidence was descriptive of that injury.   The motion came very late in the case.   We cannot say that under these circumstances the ruling constituted an abuse of the court's discretion.   *Baldwin* v. *Robertson*, 118 Conn. 431, 434, 172 A. 859; *D'Andrea* v. *Rende*, 123 Conn. 377, 383, 195 A. 741.

There is no error.

In this opinion the other judges concurred.