SVENNING L. SVENNINGSEN *v.* EDWARD HUEY

KING, C. J., MURPHY, SHEA, ALCORN and PASTORE, Js.

Argued October 1—decided October 29, 1963

*Monroe Silverman,* with whom, on the brief, was *Saul Kwartin,* for the appellant (plaintiff).

*Noel R. Newman,* with whom were *Ivan A. Hirsch* and, on the brief, *Edgar W. Krentzman,* for the appellee (defendant).

KING, C. J.  On January 6, 1959, a clear, cold and very windy day, the plaintiff, a pedestrian, was crossing Atlantic Street, in Stamford, from the westerly to the easterly side.  He was not crossing at or near a marked crosswalk.  See cases such as *Degnan* v. *Olson,* 136 Conn. 171, 175, 69 A.2d 642. Atlantic Street was a heavily traveled street, open to two-way traffic, divided by a center line and about forty-four feet wide between curbs.  The plaintiff was struck by the defendant's car, which was proceeding southerly along the street.  The defendant, at the trial, conceded actionable negligence but claimed that he had sustained the burden of proving his special defense of contributory negligence. The plaintiff had a verdict.  The court, on motion, set it aside and ordered the entry of judgment for the defendant notwithstanding the verdict.  This action forms the sole ground of the plaintiff's appeal.

The court's action can be sustained only if the plaintiff was chargeable with contributory negligence as matter of law.  *Kronish* v. *Provasoli,* 149 Conn. 368, 370, 179 A.2d 823, and cases cited.  The defendant succeeded in inducing the trial court to take the action which it did on the ground that the testimony of the plaintiff constituted a judicial admission which, in turn, required a finding of contributory negligence.  Under the circumstances of the case, unless the testimony did constitute a judicial admission, the interference with the jury's verdict was erroneous.  Since the defendant conceded actionable negligence, we are here concerned solely

with the issue of contributory negligence, an issue on which the defendant had the burden of proof in the sense of the risk of nonpersuasion. *Goodman v. Norwalk Jewish Center, Inc.*, 145 Conn. 146, 148, 139 A.2d 812.

The particular evidence which the defendant claimed was a judicial admission was elicited during the cross-examination of the plaintiff and was to the effect that he looked to the north "all the time when . . . [he] was going across" Atlantic Street, but he "just didn't see . . . [the defendant] or hear him" although he could see up the street for some 500 feet and his eyesight, with the glasses which he was wearing, was all right.

There was evidence, however, that the defendant was traveling five to eight miles per hour in low gear; that he had stopped to allow a car which had been parked at the west curb of Atlantic Street to pull out from the curb; that he was just starting his car from a stopped position when it hit the plaintiff; and that the plaintiff when struck was about in the middle of the westerly side of the street. If the testimony of the plaintiff that he constantly looked up the street to the north as he crossed is taken literally, he must have been continually looking toward the defendant's car until it struck him. But he also testified that he did not see the car at any time. If the plaintiff actually did not see the defendant's car, it is hardly possible that the plaintiff maintained a literally constant lookout during his entire crossing.

The jury could well have concluded that the plaintiff was honestly mistaken in his stated recollection that his lookout had literally been continuous and that he did not see the defendant's car. The jury would then be privileged to credit or discredit either

statement. *Deveaux* v. *Spekter,* 150 Conn. 418, 422, 190 A.2d 484; 9 Wigmore, Evidence (3d Ed.) §§ 2588, 2594a. The plaintiff's statement that he did not see the defendant's car might be explained by the fact that it was standing still when he saw it and therefore it would have made little, if any, impression on him and he would be unlikely to remember having seen it. The failure of the plaintiff to heed the presence of the car would be consistent with the exercise of reasonable care on his part. He would have had a right to assume, unless and until in the exercise of reasonable care he knew or should have known that the assumption had become unwarranted, that the defendant would exercise reasonable care in the operation of his car. That right, in turn, would have warranted an assumption that the defendant would not start his car up when it was only a few feet north of the plaintiff's path of crossing and run the plaintiff down as he passed in front of the car. See *Kronish* v. *Provasoli,* supra, 372. There is nothing to indicate that the jury could not reasonably have concluded that the plaintiff was entitled to rely on the foregoing assumptions. *Caschetto* v. *Silliman & Godfrey Co.,* 126 Conn. 22, 24, 9 A.2d 286; *Johnson* v. *Shattuck,* 125 Conn. 60, 63, 3 A.2d 229.

The plaintiff's testimony was the narrative of a seventy-nine-year-old man's recollection, in February, 1962, of detailed events which had occurred over three years before, immediately preceding his colliding with the defendant's car, obviously a startling occurrence. Its weight depended on the credibility to be given it, which was a question for the jury. Its credibility was clouded by improbability, as hereinbefore pointed out, and was affected by lapse of time and by the memory and powers of

observation of the plaintiff as a witness. Under these circumstances, it was "no more conclusive upon . . . [the plaintiff] than the evidence given by any other witness; and it is the duty of the . . . jury to determine the fact not alone from the testimony given by the party but from all the evidence in the case." *Kanopka* v. *Kanopka,* 113 Conn. 30, 39, 154 A. 144. On this ground, also, the jury were privileged to credit or discredit the plaintiff's testimony.

The jury could properly conclude that the defendant had failed to prove that the plaintiff did not maintain an adequate, even though not literally constant, lookout during his crossing. See cases such as *Hudick* v. *Tycz,* 142 Conn. 715, 718, 118 A.2d 306. Thus, the issue of contributory negligence remained one of fact, and the jury's conclusion that the defendant failed to sustain the burden of proof on that issue should not have been disturbed.

There is error, the judgment is set aside and the case is remanded with direction to render judgment on the verdict.

In this opinion SHEA, ALCORN and PASTORE, Js., concurred; MURPHY, J., dissented.