### JOHN WARNER *v.* HEIDI K. LIIMATAINEN

KING, C. J., MURPHY, ALCORN, SHANNON and DOHERTY, Js.

Argued October 14—decided November 24, 1965

*Henry F. Cooney,* with whom, on the brief, was *Vincent J. Dowling,* for the appellant (defendant).

*Paul B. Groobert,* with whom was *John J. Mahon,* for the appellee (plaintiff).

KING, C. J.  The plaintiff, a passenger in an automobile owned and operated by the defendant, sued to recover damages for personal injuries claimed to have been sustained when the automobile left the highway and collided with a light pole.  The defendant pleaded, inter alia, a first special defense of assumption of risk.  The plaintiff demurred to this defense, and the demurrer was sustained.  Thereafter a summary judgment was rendered on the issue of liability, and a hearing in damages was held to the jury, which returned a verdict in a substantial amount.

The sole assignment of error pursued in this court is the sustaining of the demurrer to the first special defense of assumption of risk, the allegations of which are set forth in the footnote.[1]

---

[1] "FIRST SPECIAL DEFENSE  If the defendant-operator was guilty of negligence in any of the particulars alleged in Paragraph 4 of the plaintiff's complaint, the plaintiff, who had been in her company for a substantial period of time prior to the accident, assumed the risk of injury.  He had been with the defendant at various places where both had consumed alcoholic beverages; and he was, or should have been, fully aware of, and appreciated, or should have appreciated, all the conditions then and there existing and the perils to which he exposed himself while riding in said automobile under the conditions then and there existing; and the plaintiff having such knowledge and comprehension assumed all the risks, dangers and hazards arising out of any impairment of the defendant-operator's ability to operate an automobile by virtue of the consumption of alcoholic liquors."

To test the sufficiency of the special defense, it becomes necessary to analyze its allegations. The first sentence is a mere conclusion and, if it stood alone, would leave the defense demurrable under the rule of cases such as *Smith* v. *Furness,* 117 Conn. 97, 99, 166 A. 759, and *Antman* v. *Connecticut Light & Power Co.,* 117 Conn. 230, 235, 167 A. 715. See also Practice Book § 71. While the other allegations of the special defense are somewhat lacking in clarity and precision of statement, the defense considered as a whole, fairly alleges (1) that the defendant had consumed intoxicating liquor to such an extent as to impair her ability to operate her automobile; (2) that the plaintiff, having been in the company of the defendant when she consumed the liquor, knew and appreciated, or should have known and appreciated, the impairment so caused; and (3) that the plaintiff thereafter voluntarily and with understanding assumed the risk of any injury proximately caused by the impairment, if a result of the consumption of intoxicating liquor, of the defendant's ability to operate the car. It is important to note that the risk alleged to have been assumed is the risk of injury caused, not by impairment of operating ability however arising, but only by such impairment arising from the consumption of intoxicating liquor.

In the field of negligence the defense of assumption of risk is applicable only to a risk arising out of the defendant's negligence.[2] Where, as in the

---

[2] Contributory negligence, on the other hand, is available as a defense whenever any negligence on the part of a plaintiff is a proximate cause of his injuries. The defense of contributory negligence and that of assumption of risk may each be available against a particular plaintiff. *Zullo* v. *Zullo,* 138 Conn. 712, 715, 89 A.2d 216; *Petrizzo* v. *Commercial Contractors Corporation,* 152 Conn.

ordinary case, the risk alleged to have been assumed is that of injury from an act of negligence specified in the complaint, the effect of the defense is to deny to a plaintiff against whom it is proven a recovery based upon that specification of negligence. This is so, even though that specification of negligence was proven to have been a proximate cause of that particular plaintiff's injuries. Here, however, the complaint contains no specification of negligence based on, or even suggestive of, any consumption of intoxicating liquor by the defendant. The element of liquor was injected into the case by the defendant in her special defense. But it is not alleged in the special defense that any act of negligence specified in the complaint was the result of the only risk alleged to have been assumed, that is, an impairment of operating ability resulting from the consumption of intoxicating liquor. Thus the plaintiff could prove any or all of the specifications of negligence in his complaint, and still none would have been attacked by, or vulnerable to, the special defense of assumption of risk as now drawn.

From this it follows that under the peculiar form which the special defense took, in order for it to be efficacious it would be necessary for it to contain an allegation to the effect that the particular risk alleged to have been assumed was a superseding cause of the collision and resulting injuries to the plaintiff. See cases such as *Corey* v. *Phillips,* 126 Conn. 246, 256, 10 A.2d 370; *Virelli* v. *Benhattie, Inc.,* 146 Conn. 203, 209, 148 A.2d 760. To accomplish

---

491, 500, 208 A.2d 748. Thus this defendant's second special defense of contributory negligence, which is not involved in this appeal, if properly drafted, might have been efficacious under the rule of cases such as *Fitzpatrick* v. *Cinitis,* 107 Conn. 91, 95, 139 A. 639, and *Zullo* v. *Zullo,* supra.

this, however, an allegation would have to be inserted in the special defense that the risk assumed was, if not the sole proximate cause of the plaintiff's injuries, at least a proximate cause to the exclusion of negligence in any of the ways specified in the complaint. Indeed, nowhere in the special defense is it affirmatively alleged that this impairment, so caused, was even a proximate cause of the collision and the plaintiff's injuries.[3] Without an appropriate allegation of proximate cause, the special defense, as pleaded, lacked an essential element and consequently was demurrable.

Since the special defense of assumption of risk was fatally defective under any theory, the court was not in error in sustaining the demurrer addressed to it. *Oppenheimer* v. *Connecticut Light & Power Co.,* 149 Conn. 99, 105, 176 A.2d 63; *Hoxie* v. *New York, N.H. & H.R. Co.,* 82 Conn. 352, 367, 73 A. 754; *British American Ins. Co.* v. *Wilson,* 77 Conn. 559, 564, 60 A. 293.

There is no error.

In this opinion the other judges concurred.

---

[3] It is hardly necessary to point out that the mere allegation that an operator of a car was under the influence of intoxicating liquor, even to such an extent as to have impaired his ability to operate the car, does not, without more, amount to an allegation that his condition, even though constituting negligence, was a proximate cause of whatever accident befell the vehicle or its occupants. See, for instance, cases such as *Pierce* v. *Albanese,* 144 Conn. 241, 254, 262, 129 A.2d 606.