JUANITA CAMP *v.* MARY J. POLK ET AL.

SUPERIOR COURT     FAIRFIELD COUNTY     FILE No. 8275
AT STAMFORD

Memorandum filed December 20, 1965

*Maguire, Cole & Bentley,* of Stamford, for the plaintiff.

*Mellitz, Krentzman & Hall,* of Bridgeport, for the defendants Polk.

FITZGERALD, J. The within action is in negligence. The defendants are three in number, namely, Mary Jane Polk and Robert M. Polk, Jr., mother and son, and Derrick Davis, Jr. In her complaint, which has been amended by a more specific statement, the plaintiff alleges in substance that on April 12, 1964, she was a passenger in a car, owned and maintained by the defendant mother as a family car, which was operated at the time by the defendant son within his general authority; that the Polk car came into collision on a public highway in New Haven with another car owned and operated by the defendant Davis; and that as a result of the collision she suffered injuries and other consequences for which she seeks damages of all defendants. The allegations of negligence directed against both defendant operators are of the stock variety in cases of this character except that as to the operator of the car in which the plaintiff was a passenger (Polk) it is further alleged that this defendant was operating while under the influence of alcohol.

The defendants Polk, owner and operator of the car in which the plaintiff was a passenger, have pleaded a special defense of contributory negligence on the part of the plaintiff. The prefatory wording reads: "The plaintiff's injuries were proximately

caused by her own contributory negligence" in various alleged respects. The alleged respects stem from the basic allegation therein that at the time of the collision with the Davis car the plaintiff was seated on the lap of one Thomas Marinas, whose status would appear to be that of a fellow passenger, which placed her in a position of danger and prevented her from taking proper precautions for her own safety.

To the special defense interposed by the defendants Polk the plaintiff has demurred as on file. The gist of the demurrer is that the special defense does not allege that the position of the plaintiff in the Polk car in any way affected its operation or control or contributed as a proximate cause of the collision. It is to be noted that the special defense as drawn is not to the effect that the plaintiff's seated position on the lap of Marinas affected the operation or control of the Polk car, or contributed as a proximate cause of the collision, but that her resulting injuries "were proximately caused by her own contributory negligence" in the manner in which she was so seated at the time of the collision.

Reference is made to the opinion of our Supreme Court in the recent case of *Warner* v. *Liimatainen,* 153 Conn. 163. In that case it was held that the trial court correctly sustained the plaintiff's demurrer to a first special defense of the defendant operator invoking assumption of risk on the part of the plaintiff passenger arising from the alleged consumption of intoxicating liquor. In the case at bar, the pleaded special defense is that of contributory negligence. "Contributory negligence exists where some act of the plaintiff was a proximate cause of the injury." *L'Heureux* v. *Hurley,* 117 Conn. 347, 354. Footnote 2 in the *Warner* case, supra, 165, reads in part: "Contributory negligence . . . is

available as a defense whenever any negligence on the part of a plaintiff is a proximate cause of his injuries. . . . Thus this defendant's second special defense of contributory negligence, which is not involved in this appeal, if properly drafted, might have been efficacious . . . ."

The subject of the special defense in question cannot be said to be insufficient in law, having in mind the manner in which it is drawn and its relation to the alleged injuries claimed by the plaintiff in her complaint. A question of fact and of proximate cause for the consideration of the trier, be it court or jury, is presented as to its subject matter. The burden of proving the essential elements in support thereof is on the defendants Polk, who so plead the defense. That the defense as such may appear thin when read is not the point. It cannot be said to be insufficient as a matter of law.

Demurrer overruled.