AGNES CRAIG, ADMINISTRATRIX (ESTATE OF WILLIAM CRAIG) *v.* HAROLD DUNLEAVY, ADMINISTRATOR (ESTATE OF DOUGLAS V. DUNLEAVY)

KING, C. J., MURPHY, ALCORN, HOUSE and RYAN, Js.

Argued June 7—decided July 19, 1966

*James F. Kenney,* with whom, on the brief, was *John F. Clancy,* for the appellant (defendant).

*Thomas J. Dolan,* with whom was *Daniel D. McDonald,* for the appellee (plaintiff).

RYAN, J. This is an action claiming damages for the death of the plaintiff's decedent, William Craig, who was twenty-one years old, alleged to have been caused by the negligence of the defendant's decedent, Douglas V. Dunleavy. The first assignment of error relates to the failure of the trial court to find certain subordinate facts claimed to have been admitted or undisputed. The few corrections to which the defendant has shown himself entitled are incorporated in the following statement of facts found by the court.

On August 1, 1963, Douglas V. Dunleavy and William Craig attended a party at the home of Elizabeth Romaine, on Old Ridgebury Road in Danbury. They arrived at about 11:30 p.m. and, while they were there, consumed at least one six-pack of beer each. They were making a lot of noise and were asked to leave but did not do so until about 1:45 a.m., at which time they left in a Chevrolet car owned by Craig's father and driven by Dunleavy. Craig was seated on the passenger's side of the car. About 4:45 a.m. that morning, the Ridgefield police were notified of an accident on route 102 in Ridgefield about fifty feet north of its intersection with Oroneca Road. No one witnessed or heard the accident. The car was found about four feet off the traveled portion of the road, and it contained the bodies of Dunleavy and Craig. The car had collided with a large rock or boulder, and its front end was severely damaged. At the time

of the accident it was dark, and the road was wet from a recent rain. At the place where the accident occurred, route 102 goes downhill and makes a sharp curve to the left. The vehicle left the road at the right shoulder on the outside edge of the highway. The posted speed limit on this road is thirty miles per hour. The car left one tire mark 129 feet long consisting of black pieces of burnt rubber on the pavement. It was traveling too fast to negotiate the turn, at a rate of speed in excess of the posted speed limit and in excess of a speed which would be reasonable for the conditions. The body of Dunleavy was found on the driver's side and that of Craig on the passenger's side. The young men died instantaneously of injuries received in the crash. Both Dunleavy and Craig were under the influence of intoxicating liquor at the time of death, Dunleavy having an alcohol concentration in the blood of 0.18 percent by weight and Craig, of 0.19 percent by weight. See General Statutes § 14-227a (c) (3). Dunleavy was under the influence of liquor and unable to operate the motor vehicle properly.

From these and other facts which need not be recited here, the trial court found that Dunleavy was the driver and Craig a passenger, and it concluded that Dunleavy was negligent in that he operated the car while he was under the influence of intoxicating liquor, in that his speed was excessive in violation of General Statutes § 14-219, and in that he failed to have the car under control. The proximate cause of the death of the plaintiff's decedent was the negligence of Dunleavy. The court also reached the conclusion that there were no subordinate facts from which it could logically and reasonably find that Craig was chargeable with contributory negligence.

In the trial court, the defendant vigorously contested the identification of Dunleavy as the driver and that he was chargeable with any negligence which was a proximate cause of Craig's death. The assignments of error directed to identification, negligence and proximate cause have now been abandoned. The remaining questions before us are whether the trial court erred in reaching the conclusion that there was no proof of contributory negligence on the part of Craig and whether the court erred in misconstruing and misapplying the law as it relates to the defendant's special defense of contributory negligence.

The burden of proof of contributory negligence is on the defendant. Even though no evidence was offered by the defendant, it is the duty of the court to make its finding on the basis of all the credible evidence before it, irrespective of the source from which that evidence comes. *Cinque* v. *Orlando,* 140 Conn. 591, 593, 102 A.2d 532; *Leitzes* v. *F. L. Caulkins Auto Co.,* 123 Conn. 459, 461, 196 A. 143. In the special defense, the defendant alleges that the plaintiff's decedent was chargeable with negligence which caused his death, first, "in that he observed the defendant's decedent consume such a quantity of alcoholic beverage before he drove that he knew, or should have known, that the defendant's decedent was in an intoxicated condition"; second, in that the plaintiff's decedent "was in such a condition of intoxication that he was rendered unfit to make proper uses of his senses and faculties"; and, third, "because of either one or both of the aforesaid he failed to use the care of a reasonably prudent person under the circumstances then and there existing."

As to the first aspect of this defense, the law is

clear that if Dunleavy was intoxicated to the knowledge of Craig at the time they entered the car, or if Dunleavy's condition of intoxication was palpably apparent at that time, it would be negligent for Craig to enter the car and ride in it, and if the injuries and death of Craig resulted from the failure of Dunleavy to operate the car with proper care and skill because of his intoxicated condition, the plaintiff could not recover. *Fitzpatrick* v. *Cinitis,* 107 Conn. 91, 95, 139 A. 639; see also *Warner* v. *Liimatainen,* 153 Conn. 163, 165 n.2, 215 A.2d 406; *Zullo* v. *Zullo,* 138 Conn. 712, 715, 89 A.2d 216.

There is no finding that Dunleavy was intoxicated when he left the party, nor does the evidence in the appendices support the claim. From the facts that each young man consumed at least one six-pack of beer between 11:30 p.m. and 1:45 a.m., that they were noisy and declined to leave when requested, and that both were under the influence of liquor at the time of their deaths, the court is not required to draw the inference that Dunleavy or Craig, or both of them, were intoxicated when they got into the car upon leaving the party. Although the young men were noisy at the party, none of the customary indicia of intoxication are contained in the finding. In fact, the appendices filed by the parties indicate that no witness who observed them was interrogated as to their condition of sobriety, although the opportunity to do so was presented to both parties.

The second aspect of the defendant's special defense, wherein the claim is made that the plaintiff's decedent was so intoxicated that he was rendered unfit to make proper use of his faculties, is not supported by the finding. The deaths of both young men occurred sometime between 1:45 a.m.

and 4:45 a.m.—a period of three hours. What their activities may have been during this time is unknown, and the court cannot make a finding based on speculation. "The court's conclusions are to be tested by the finding and not by the evidence. *Davis* v. *Margolis,* 107 Conn. 417, 422, 140 A. 823; *City Bank & Trust Co.* v. *Ruthinian Greek Catholic Church,* 102 Conn. 609, 611, 129 A. 785." *Klahr* v. *Kostopoulos,* 138 Conn. 653, 655, 88 A.2d 332. "The conclusions which the court has reached . . . must stand unless they are legally or logically inconsistent with . . . [the facts found] or unless they involve the application of some erroneous rule of law material to the case. *Monick* v. *Greenwich,* 144 Conn. 608, 611, 136 A.2d 501." *Yale University* v. *Benneson,* 147 Conn. 254, 255, 159 A.2d 169.

The defendant urges that the trial court was of the opinion that the claimed intoxication of Craig and that alone was the defendant's claim of contributory negligence, and he asks that the trial court's memorandum of decision be consulted. "While the memorandum of decision cannot supplant the finding, we may consult the memorandum for a better understanding of the basis of the court's decision. *Murphy* v. *Murphy,* 143 Conn. 600, 602, 124 A.2d 891; *Murphy* v. *Dantowitz,* 142 Conn. 320, 324, 114 A.2d 194; Maltbie, Conn. App. Proc. § 152." *Hirsch* v. *Thrall,* 148 Conn. 202, 206, 169 A.2d 271; *Masda Realty Co.* v. *Name Realty Co.,* 151 Conn. 204, 206, 195 A.2d 559. An examination of the court's memorandum of decision discloses nothing to support the defendant's position, since it recites both aspects of the defendant's special defense and indicates clearly that no part of it was overlooked by the court. There is nothing in the memorandum to support the defendant's claim that

the court had an erroneous view of the law as the result of which it failed to consider all credible evidence before it, irrespective of the source from which it came. *Leitzes* v. *F. L. Caulkins Auto Co.,* 123 Conn. 459, 461, 196 A. 145.

The defendant points to the following language in the memorandum of decision in support of this claim. "Here the defendant offered no proof of the plaintiff decedent's contributory negligence. True it was established during the trial that decedent Craig was also intoxicated but nothing further was offered to indicate how such intoxication was a contributing factor to the accident. The mere fact of the decedent's intoxication does not bar a recovery. To sustain his burden of proof as to his special defense defendant must offer subordinate facts from which the court can logically and reasonably conclude that plaintiff's decedent was negligent and that such negligence was a proximate cause of the accident. This the defendant failed to do." The court was merely indicating that on the issue of contributory negligence the defendant had the burden of proof in the sense of the risk of nonpersuasion. *Svenningsen* v. *Huey,* 151 Conn. 140, 142, 195 A.2d 557; *Goodman* v. *Norwalk Jewish Center, Inc.,* 145 Conn. 146, 148, 139 A.2d 812. This was correct.

The court's conclusion that the defendant failed to sustain his burden of proof on the issue of contributory negligence cannot be disturbed.

There is no error.

In this opinion the other judges concurred.