CARL D. BROWN ET AL. *v.* DIANNE L. CASE ET AL.

SUPERIOR COURT    NEW LONDON COUNTY    FILE No. 043010

Memorandum filed June 18, 1974

*O'Brien, Shafner, Garvey & Bartinik,* of Groton, for the plaintiffs.

*Regnier, Moller & Taylor,* of Hartford, for the defendants.

BARBER, J. The complaint alleges that the plaintiffs were occupants in a motor vehicle which was in collision with another vehicle which crossed over the center line of the highway and struck the vehicle in which they were riding. The defendants have interposed by way of a first special defense that, if

the plaintiffs were injured, their failure to use seat belts was a substantial factor in producing the injuries. The plaintiffs have demurred to this defense on the ground that the alleged omission was not a duty imposed upon the plaintiffs and as a matter of law could not have caused the accident.

Although the courts have not been consistent in their rulings pertaining to such a defense, the matter has been repeatedly litigated and discussed by legal writers. See note, 15 A.L.R.3d 1428 & Ann. Sup. In the Superior Court of this state we have four reported cases. *Husted* v. *Refuse Removal Service,* 26 Conn. Sup. 494; *Uresky* v. *Fedora,* 27 Conn. Sup. 498; *Remington* v. *Arndt,* 28 Conn. Sup. 289; *Clark* v. *State,* 28 Conn. Sup. 398. In the former two cases, demurrers addressed to such a defense were over-ruled on the ground that the defense could best be decided after the introduction of evidence at the trial. In the latter two cases, demurrers were sustained on the ground that the facts alleged would not as a matter of law defeat the action. An indiscriminate use of such a defense should not be encouraged.

Under ordinary circumstances very little duty is required on the part of a passenger of a motor vehicle. *Doberrentz* v. *Gregory,* 129 Conn. 57, 61. There is no unqualified duty on the part of a passenger to fasten his seat belt. *Remington* v. *Arndt,* supra, 292. In any event, to defeat an action, the defense must allege facts which justify submission to the trier of the factual issue of whether the conduct of the plaintiffs was a substantial factor in producing their injuries. *Mahoney* v. *Beatman,* 110 Conn. 184, 196. The alleged contributory negligence must be such as to defeat the action. "To have that effect it must be an act or omission which contributes to the happening of the act or event which caused

the injury. An act or omission that merely increases or adds to the extent of the loss or injury will not have that effect . . . ." *Smithwick* v. *Hall & Upson Co.*, 59 Conn. 261, 271.

The special defense as addressed to the allegations of the complaint in this case is no more than a conclusion and demurrable as such. *Warner* v. *Liimatainen*, 153 Conn. 163, 165.

Accordingly, the demurrer addressed to the defendants' first special defense is sustained upon the grounds therein stated.