[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action by a passenger seeking damages for personal injuries sustained in a one car accident. The first and third counts are against the defendant Eric B. Rich (defendant). The first count is in negligence; the third count sounds in recklessness. The second and fourth counts seek to impose liability on the owner-lessor of the vehicle operated by the defendant, pursuant to General Statutes § 14-154a.[1] Among the plaintiff's specifications of negligence and recklessness are that the defendant operated the motor vehicle when he was intoxicated.
The defendant filed an answer and special defenses alleging that the plaintiff was contributorily negligent or reckless. The plaintiff moved to strike both special defenses, alleging (1) assumption of the risk has been abolished as a defense in Connecticut, and (2) neither special defense alleges a defense to the plaintiff's claims of negligence and recklessness. Prior to CT Page 13490 the hearing on the plaintiff's motion, the defendant amended his special defenses. Both parties agreed that the court should apply the plaintiff's motion to strike to the defendant's amended special defenses.
"The motion to strike; Practice Book § 151; replaced the demurrer in our practice. Its function, like that which the demurrer served, is to test the legal sufficiency of a pleading. Practice Book § 152. The motion to strike, like the demurrer, admits all facts well pleaded. The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them; if facts provable under the allegations would support a defense or a cause of action, the motion to strike must fail. Alarm Applications Co. v. SimsburyVolunteer Fire Co., 179 Conn. 541, 545, 427 A.2d 822 (1980). A motion to strike admits facts only. It does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. McAdam v. Sheldon, 153 Conn. 278, 282,216 A.2d 193 (1965)." Wesson v. Milford, 5 Conn. App. 369,372, 498 A.2d 505 (1985), cert. denied, 197 Conn. 817,500 A.2d 1337 (1985). "In determining whether a motion to strike should be granted, the sole question is whether, if the facts alleged are taken to be true, the allegations provide. . . a defense."County Federal Savings and Loan Assn. v. Eastern,3 Conn. App. 582, 585, 491 A.2d 401 (1985). "If facts could necessarily be implied and fairly proved under the allegations which would support. . . a defense, the motion to strike must fail. See Schmidt v. Yardney Electric Corporation,4 Conn. App. 69, 492 A.2d 512 (1985)." Progressive CasualtyIns. Co. v. DiGangi, 4 Conn. App. 137, 140-141, 492 A.2d 548
(1985), reversed on other grounds sub nom. Beloff v.Progressive Casualty Ins. Co., 203 Conn. 45, 523 A.2d 477
(1987).
 I A.
The defendant's special defense to the first and second counts alleges that the plaintiff was contributorily negligent because the "Plaintiff spent the evening of the incident observing the defendant. . . consuming large quantities of alcohol. Plaintiff knew or should have known that defendant. . . was intoxicated and would be unable to safely operate a motor vehicle. Plaintiff also knew that the potential risk and CT Page 13491 consequence of riding with a severely intoxicated driver included serious physical injury or death. Despite this knowledge, plaintiff allowed [the defendant] to operate a vehicle and voluntarily and willingly rode as a passenger in the vehicle operated by [the defendant], while [the defendant] was severely intoxicated. Plaintiff's own negligence was a substantial factor in causing the injuries that the plaintiff has suffered." The plaintiff claims that this defense improperly pleads assumption of the risk, which doctrine has been statutorily abolished in Connecticut, and that the defense is otherwise legally insufficient.
General Statutes § 52-572h(1) provides: "The legal doctrines of last clear chance and assumption of risk in actions to which this section is applicable are abolished." "The central purpose of § 52-572h was to abolish the harsh common law rule that the doctrines of contributory negligence, last clear chance and assumption of risk operated as a complete bar to recovery.Gomeau v. Forrest, 176 Conn. 523, 525-26, 409 A.2d 1006
(1979). In lieu of these doctrines, subsection ([1]) of52-572h sets forth a single standard: comparative negligence. In determining the relative negligence of each party, however, the factors relevant to the assumption of risk doctrine may be considered by the trier. As long as the jury is properly instructed concerning the doctrine of comparative negligence; General Statutes § 52-572h ([1]); elements involving the failure of the plaintiff to comprehend a risk may be specially pleaded and weighed by the trier in determining the propriety and totality of the plaintiff's conduct in relation to that of the defendant. `When a plaintiff's conduct in assuming a risk is unreasonable, then the [assumption of risk] doctrine overlaps contributory negligence and the principle of comparative negligence embodied in the statute should apply.' James, `Connecticut Comparative Negligence Statute: an Analysis of Some Problems,' 6 Conn. L. Rev. 207, 213 (1974)." Wendland v.Ridgefield Construction Services, Inc., 190 Conn. 791,797-798, 462 A.2d 1043 (1983). The first ground of the motion to strike is not well taken.
 B.
The second ground of the motion to strike is that the defense is legally insufficient. However, the plaintiff need not necessarily have assumed operation of the vehicle in order to be contributorily negligent, as the plaintiff argues. "[T]he law is CT Page 13492 clear that if [the defendant] was intoxicated to the knowledge of [the plaintiff] at the time they entered the car, or if [the defendant's] condition of intoxication was palpably apparent at that time, it would be negligent for [the plaintiff] to enter the car and ride in it, and if the injuries. . . of [the plaintiff] resulted from the failure of [the defendant] to operate the car with proper care and skill because of his intoxicated condition," the plaintiff's recovery of damages could be diminished in proportion to such comparative negligence, so long as it did not exceed that of the defendant's. Criag v. Dunleavy,154 Conn. 100, 103-104, 221 A.2d 855 (1966); Fitzpatrick v. Cinitis,107 Conn. 91, 95, 139 A. 639 (1927); see also Warner v.Liimatainen, 153 Conn. 163, 165 n. 2, 215 A.2d 406 (1965);Zullo v. Zullo, 138 Conn. 712, 715, 89 A.2d 216 (1952). The defendant's special defense to the first and second counts of the complaint are fairly within the ambit of this doctrine. For this reason, that defense is legally sufficient.
 II
The defendant's second special defense to the third and fourth counts, however, stand on different footing. That defense alleges: "The plaintiff was reckless by his own intoxication and inebriation in participating in consuming alcohol during the evening in question and in voluntarily assuming the risk of his own conduct by riding as a passenger in the vehicle; that recklessness acts as a complete bar to his recovery in this lawsuit."
This defense is not within the ambit of the principles stated in Criag v. Dunleavy, supra, 154 Conn. 103-104, andFitzpatrick v. Cinitis, supra, 107 Conn. 95. Unlike in his first defense, the defendant has not alleged that the plaintiff was reckless in riding in a motor vehicle which the defendant was operating when he, the plaintiff, knew that the defendant was intoxicated. Rather, reading this defenses in a light most favorable to the pleader, the defendant alleges that the plaintiff was reckless by getting drunk on the night in question, participating with the defendant in drinking alcoholic liquor, and then riding as a passenger in a vehicle operated by the defendant. While a common slogan might counsel against such conduct, the court cannot divine a breach of any cognizable duty by a passenger in drinking with another and then being a passenger in a vehicle operated by that other whom the passenger does not know or have reason to know to be either drunk or CT Page 13493 impaired. See Donohue v. Jette, 106 Conn. 231, 232-233,137 A. 724 (1927). "Under ordinary circumstances very little duty is required on the part of a passenger of a motor vehicle.Doberrentz v. Gregory, 129 Conn. 57, 61 [, 26 A.2d 475
(1942) (noting the "very limited duty which rested upon. . . a passenger.")]. Brown v. Case, 31 Conn. Sup. 207, 208,327 A.2d 267 (1974).
Practice Book § 109 provides in relevant part: "Acts. . . may be stated according to their legal effect, but in so doing the pleading should be such as fairly to apprise the adverse party of the state of facts which it is intended to prove." Practice Book § 164 provides in pertinent part: "No facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no cause of action, must be specially alleged."
The motion to strike is denied as to the "special defenses to the first and second counts of the complaint." The motion is granted as to the "special defenses to the third and fourth counts of the complaint."
BY THE COURT
Bruce L. LevinJudge of the Superior Court