[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON PLAINTIFF'S MOTION TO STRIKE NO. 102
The motion to strike the first, fourth and sixth special defense is granted. I respectfully disagree with my colleagues who follow Scan Associates v. Civitello Bldg. Co., 10 CONN. L. RPTR. 20, 646 (1994).
Practice Book § 164 requires that special defenses plead facts. Practice Book § 108 requires that each pleading "contain a plain and concise statement of the material facts on which the pleader relies." A special defense which alleges nothing more than that the complaint (or a count thereof) "fails to allege a cause of action upon which relief can be granted" fails to comply even elementally with either rule. Not only does it not allege any facts but it does not even allege a cognizable legal conclusion. Presumably, such a generalized allegation is intended to embrace a defense other than those enumerated in Practice Book § 164. But isn't the plaintiff entitled to know what that defense is? Such a minimal requirement comports with an opponent's right to fair notice of the basis for a legal claim. A pleading defective because it alleges a conclusion without facts to support it has always been demurrable, Antman v. CLP Co. 230, 235 (1933). Thus, if at a time when the defense of assumption of risk was recognized as a special defense, an allegation that the plaintiff assumed the risk was held to be fatally defective as CT Page 1627 conclusory, Warner v. Liimatainen, 153 Conn. 163, (1965), how can it be argued that a special defense that doesn't even identify by name, title or substance the legal theory relied on is legally sufficient? The plaintiff is left to speculate on the actual basis for the claim.
The Scan case supra relies on footnote 5 at page 535 of the opinion in Robert S. Weiss's Associates v. Wiederlight,208 Conn. 525 (1988), for its analysis. Just as it was incumbent upon the plaintiff to allege some recognizable cause of action in that case so to must a defendant allege some recognizable legal theory in its special defense. To allow such an indefinite special defense is to return to the days when litigation was somewhat of a game of blindman's bluff. Westport Taxi Service, Inc. v.Westport Transit District, 235 Conn. 1, 24 (1995).
This court believes that our rules of pleading hold defendants to the same standard of definiteness with respect to special defense that plaintiffs are held to in their complaints. The special defense must therefore inform the plaintiff with reasonable clarity of the nature of the defense asserted.Stavnezer v. Sage-Allen Co. 146 Conn. 460, 461 (1959).
The motion to strike the second, third and fifth special defense is denied because each of them states a recognizable common law or statutory theory of defense.
Finally, the motion to strike paragraph 8 of count two is denied because an individual paragraph contained in a complaint is not the proper subject of a motion to strike unless the paragraph embodies an entire cause of action Doyle v. A.P.Realty Corp. 36 Conn. 126 (1980).
Mottolese, Judge