[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON A MOTION TO STRIKE
On May 30, 2000, the plaintiff sustained serious injuries in a one vehicle accident in which she was a passenger in a motor vehicle owned and operated by the defendant, her husband. The plaintiff instituted an action against the defendant claiming damages for personal injury sustained as a result of the defendant's negligence. On June 27, 2001, the defendant filed an answer and special defense. The special defense states:
 If the plaintiff suffered injuries and damages as alleged in her complaint any such injuries and damages were proximately caused by the negligence of the plaintiff, Beverly Tiedemann which negligence exceeds any negligence of the defendant, which negligence is specifically denied, in that she entered a vehicle which was being operated by a person known to her to be in an unfit condition to operate a vehicle, when she knew, or in the exercise of reasonable care, should have known of the dangers inherent therein. CT Page 11555
Although the defendant's special defense has the appearance of a defense of assumption of risk the parties agreed at argument that assumption of risk has been abolished in Connecticut and that the defendant is attempting to state a special defense of contributory negligence.
The plaintiff argues that even if she had some reason to know that it would dangerous to get into the vehicle, her entrance into the vehicle did not in and of itself contribute to the accident so that any negligence on her part was not a proximate cause of the accident. Accordingly, she would argue, the defendant's pleading fails to state a legally supportable special defense.
Although it is not clear from the pleadings, the parties agreed at argument that the plaintiff and defendant are husband and wife. The parties further agreed that this is not an intoxication case with facts similar to Craig v. Dunleavy, 154 Conn. 100 (1966) or Fitzpatrick v.Cinitis, 107 Conn. 91 (1927). When the defendant refers to himself as "a person known to her to be in an unfit condition to operate a vehicle" the defendant, husband, is not referring to intoxication. At argument the court learned that the defendant husband was subject to seizures in the early 1950s. At a much more recent date, not specifically identified, the defendant has again been subject to seizures. The defendant's claim is essentially that his wife knew that he suffered from a seizure problem which made him unfit to drive and that she was guilty of contributory negligence when she got into the vehicle.
The defense relies heavily on the intoxication case of Craig v.Dunleavy, supra. To the extent that Craig v. Dunleavy is instructive in the instant matter it relies on Fitzpatrick v. Cinitis, supra. Dunleavy
citing Fitzpatrick held
 . . . If Dunleavy was intoxicated to the knowledge of Craig at the time they entered the car, or if Dunleavy's condition of intoxication was palpably apparent at that time, it would be negligent for Craig to enter the car and ride in it, and if the injuries and death of Craig resulted from the failure of Dunleavy to operate the car with proper care and skill because of his intoxicated condition, the plaintiff could not recover. (Citations omitted.) (Emphasis supplied.) Craig supra at 104.
The plaintiff argues that Craig and Fitzpatrick represent a special rule of contributory negligence applicable only to intoxication cases. CT Page 11556 While there may be a certain logic to the plaintiff's argument thatCraig and Fitzpatrick are a response to the dangers of driving while intoxicated and are intended to discourage passengers from entering cars with intoxicated drivers, there is nothing in either case which supports the plaintiff's argument that the defense is limited to cases of intoxication.
It is clear, however, that in the alcohol setting the defense is limited to the situation where the accident occurred "because of his intoxicated condition." In other words, the accident must have occurred because of the condition ignored by the plaintiff. Although it is this court's understanding from the argument that the accident and injury in the instant case did not result from any type of seizure, this fact is not before the court.
The defendant's special defense concludes with the language "should have known of the dangers inherent therein." It appears to the court that to state a special defense under Craig the defendant must plead something to the effect that the plaintiff "should have known of the dangers inherent therein and the accident resulted from those dangers".
The court recognizes from the argument that it may be impossible for the defendant to prove that the accident resulted from the seizure condition. Indeed it may be impossible for the defendant to plead in good conscious that the accident resulted from the known condition. But since the defense which was approved in Craig requires not only knowledge of the danger but that the accident resulted in fact from the perceived danger, the court holds that under the present state of the defendant's pleading, he has failed to state a legally sufficient special defense.
The motion to strike the special defense is granted.
By the Court,
Kevin E. Booth Judge of the Superior Court