[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 9871
ON MOTION TO STRIKE
The issue here is whether plaintiff's second through fourteenth special defenses to the defendant's counterclaim should be stricken for legal insufficiency or failure to state proper defense.
These special defenses are legally insufficient because plaintiff failed to allege facts to support these special defenses. Accordingly, the defendant East Coast's motion to strike the second through fourteenth special defenses is granted.
On November 15, 1991, the plaintiff, Hydro-Kem, filed a four-count complaint against both the United Illuminating Company (hereinafter U.I.) and East Coast Environmental Services Corporation (hereinafter East Coast). Count one is against the U.I. for foreclosure of a mechanic's lien. Plaintiff alleges breach of contract against East Coast in count two and breach of implied contract against East Coast in count three. In count four plaintiff alleges unjust enrichment against U.I.
Plaintiff alleges that sometime prior to January 18, 1991, plaintiff and East Coast entered into a contract whereby plaintiff was to provide a tank cleaning unit and services for the cleaning of fuel oil storage tanks owned by U.I. Pursuant to this contract with East Coast, plaintiff alleges that all work was completed, and upon completion, plaintiff requested payment from East Coast in the amount of $209,516. The plaintiff further alleges that it has not received any payment and seeks foreclosure of its mechanic's lien and money damages.
On May 20, 1992, East Coast filed an answer and a three-count counterclaim, in which it alleges in counts one and two, breach of contract, and in count three, detrimental reliance. East Coast alleges in count one that plaintiff and East Coast CT Page 9872 entered into a contract at a cost of $81,388. East Coast further alleges that in reliance upon this contract, East Coast entered into a contract with the U.I. for $134,332. Additionally, East Coast alleges that prior to commencing work, East Coast and plaintiff inspected the fuel tank to establish if there were any unforeseen problems that would cause the cost to exceed the contract price. East Coast alleges that at the inspection plaintiff represented that the work would take less than the fourteen days originally stated in the contract and therefore there was no need to renegotiate the contract price. East Coast further alleges that plaintiff did not complete its work as stated and that East Coast never agreed to a price of $209,516.
In the second count, East Coast alleges that as a result of the alleged breach, it has incurred additional costs and expenses. In the third count, East Coast alleges a claim of detrimental reliance.
On July 24, 1992, the plaintiff filed an answer and fourteen special defenses to East Coast's counterclaim.
In its first five special defenses the plaintiff alleges that the "[c]ounterclaim fails to state a claim upon which relief can be granted," that the "[c]ounterclaim is barred by the doctrine of estoppel," "unclean hands," "waiver," and "laches," respectively. In the sixth and seventh special defenses, the plaintiff alleges that "any delays in completing work pursuant to the contract is the result of the negligence of persons other than [plaintiff] . . ." and "East Coast . . . has not suffered any damages by reason of the alleged delays." In its eighth and ninth special defenses the plaintiff alleges that the "[plaintiff's] liability, if any, must be diminished by and apportioned in accordance with the acts and negligence of others, including East Coast," and "[a]ny loss that was suffered by East Coast for which it is alleged that [plaintiff] is liable, was caused by conditions over which [plaintiff] had or has no control." In the tenth special defense, the plaintiff alleges that the "[c]ounterclaim is barred in whole or in part because of the negligence of East Coast." In its eleventh and twelfth special defenses, the plaintiff asserts that "[plaintiff] acted reasonably and in good faith and with due care in performing its obligations pursuant to the contract" and "acted . . . without any fraud or malice." In the thirteenth and fourteenth special defenses, the plaintiff alleges that "[r]ecovery is barred . . . by the contributory and/or comparative negligence of East Coast" and CT Page 9873 that "[plaintiff] fully complied with its contractual obligations."
On August 17, 1992, East Coast filed a motion to strike all fourteen special defenses to the counterclaim on the grounds that these special defenses are legally insufficient and fail to state proper defenses. As required by Practice Book 155, East Coast filed a memorandum of law in support of its motion to strike, and the plaintiff has timely filed a memorandum of law in opposition. Additionally, plaintiff conceded in its memorandum of law that the first special defense was improper and stipulated that this special defense may be stricken.
A motion to strike tests the legal sufficiency of a pleading. Practice Book 152. A motion to strike "is the proper method of challenging the legal sufficiency of a special defense." Krashow v. Christensen, 40 Conn. Sup. 287, 288,492 A.2d 850 (Super.Ct. 1985). "Like the demurrer, it admits all facts well pleaded, it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. (Citations omitted; emphasis in original.) Mingachos v. CBS, Inc., 196 Conn. 91, 108, 492 A.2d 368 (1985). Thus, a motion to strike is properly granted where the special defenses allege legal conclusions unsupported by facts. Mara v. Aetna Life 
Casualty Co., 13 Conn. App. 208, 211, 53 A.2d 390 (1988).
Practice Book 154 requires that a motion to strike based on legal insufficiency "distinctly specify the reason or reasons for each claimed insufficiency." Thus, a motion to strike that does not specify the grounds of insufficiency is "fatally defective." (Citations omitted.) Morris v. Hartford Courant Co., 200 Conn. 676,683, n. 5, 513 A.2d 66 (1986). Here, East Coast has failed to specify the grounds for the claimed legal insufficiency of the plaintiff's special defenses in its motion to strike. Nevertheless, because the plaintiff made no objection to the form of East Coast's motion to strike, and because Practice Book 154 is not jurisdictional, the court considers the motion to strike in the form presented. Id., Bouchard v. People's Bank, 219 Conn. 465,468, n. 4, 594 A.2d 1 (1991).
The plaintiff must plead sufficient facts in support of its special defenses. See Knights of Columbus Federal Credit Union v. Salisbury, 3 Conn. App. 201, 208, 486 A.2d 649 (1985). The plaintiff alleges no facts to support any of its special defenses. "The special defense[s] as addressed to the allegations of the [counterclaim] in this case . . . [are] no more CT Page 9874 than . . . conclusion[s] and demurrable as such." Warner v. Liimatainen, 153 Conn. 163, 165, 215 A.2d 406 (1965). Thus, a motion to strike is appropriate where the special defenses are not supported by factual allegations. Giuliano v. Bourgoir Insurance Agency Co., Inc., 2 Conn. L. Rptr. 190 (Super.Ct., July 20, 1990, Hammer, J.); Pepper v. The American Way Homes, Inc., 6 Conn. Law Trib. No. 26, p. 17 (Super.Ct., April 10, 1980, Herman, J.), citing Warner, supra, 165. Accordingly, East Coast's motion to strike the plaintiff's second through fourteenth special defenses is granted.
Donald W. Celotto, Judge